MABLE RUTH BINGHAM, WIDOW: GARY HOWARD BINGHAM, EXECUTOR OF
THE ESTATE OF BILL HOWARD BINGHAM, DECEASED, EMPLOYEE, PLAINTIFFS v.
SMITH'S TRANSFER CORPORATION, EMPLOYER; TRANSPORT IN-
SURANCE COMPANY, CARRIER, DEFENDANTS

No. 8110IC320

(Filed 2 February 1982)

1. **Master and Servant § 96.5— workers' compensation—findings supported by evidence**

   In a workers' compensation proceeding, the evidence was sufficient to sup-
   port the Commission's findings that decedent did not experience injury by ac-
   cident arising out of and in the course of employment when he moved a trailer
   containing flammable liquids from a burning building and suffered a heart at-
   tack.

2. **Master and Servant § 94.2— findings of Commission—disregarding testimony**

   In a workers' compensation proceeding, the plaintiffs failed to show that a
   medical expert's testimony was either disregarded or discounted in arriving at
   the findings of fact and conclusion of law.

3. **Master and Servant § 96.4— workers' compensation—heart attack—finding of no extra exertion—proper**

   The Industrial Commission properly applied the test of determining
   whether work related strain or exertion was the causing or precipitating fac-
   tor of the decedent's heart failure and found that plaintiff failed to establish a
   causal link by finding that, when stricken, decedent "was performing his
   assigned duties in the customary fashion without interruptions of
   unusualness."

APPEAL by plaintiff from Order of the North Carolina In-
dustrial Commission filed 5 November 1980. Heard in the Court of
Appeals 11 November 1981.

Decedent (Bill Howard Bingham) was employed by defendant,
Smith's Transfer Corporation, as a switcher. His duties were to
fuel tractors, hook them to trailers and separate tractors from
trailers by hooking and unhooking air hoses and rolling dollies,
spotting trailers to the dock and on the yard, and taking trailers
away from the dock after they are loaded.

Plaintiffs' evidence tended to show that decedent had been
hospitalized in 1975 for an acute myocardial infarction (a heart at-
tack), and that he was diagnosed as suffering from myocardial
ischemia, or transient decreased blood flow to the heart muscle.

On the morning of 21 March 1978, there was a fire at the Rollins Supply Company warehouse building in Greensboro. Bingham's supervisor, Jimmy Earl Mitchell, between 5:00 and 5:30 a.m. received a call from Rollins Supply asking him to send someone to pull a trailer away from the burning building. He assigned the task to decedent.

Decedent left the terminal in a tractor with Billy Joe Matthews, also an employee of Smith's. Bingham drove about 45 or 50 miles an hour, normal speed. He told Matthews in an ordinary tone that "[W]e may not get that trailer" as they approached the scene of the fire.

Harvey Jenkinson, manager of Electric Supply Company, a business located in the Rollins Supply Company building, was at the burning warehouse. He saw a tractor come into the warehouse parking lot, back up to a trailer marked with red diamond-shaped "flammable" labels, connect it, and pull the trailer away from the building about 30 or 40 feet. He testified that the driver stopped, set the trailer down, pulled away from the trailer, then hit a nearby dock "with a pretty good thump." Firemen removed Bingham from the cab. He was blue and had no blood pressure or pulse. Paramedics were unable to revive him.

Dr. Theodore A. Keith testified that in his opinion, Bingham died a sudden cardiac death, most likely that of ventricular fibrillation—rapid, irregular heart rhythm precipitated by a bout of severe myocardial ischemia or an acute myocardial infarction. Dr. Keith opined that given the fire at the warehouse, decedent's circulatory insufficiency of the heart, the physical activity of hooking up a potentially explosive trailer, and normal response to fear or emotional stress, the situation could result in myocardial infarction in a susceptible individual.

Matthews testified that the rear of the trailer had been burned, including the rear door, that the rubber around the lights was burned, but that the trailer had been watered down by firemen. He said that the fire was concentrated on the back side of the building, was under control in the area where he and decedent were working, and that there was a standing eight-foot high cement block wall. The wall apparently separated the men from the fire. Matthews testified on cross-examination that decedent did not appear excited.

Deputy Commissioner Ben E. Roney, Jr., entered an opinion and award containing findings of facts and the conclusion that decedent did not suffer death by accident arising out of and in the course of his employment, and denying plaintiffs' claim. The Full Commission with one dissent, affirmed the award. Plaintiff gave notice of appeal.

*William Z. Wood, Jr., and Douglas R. Hux for plaintiff appellant.*

*Bell, Davis and Pitt, by Walter W. Pitt, Jr., for defendant appellees.*

MORRIS, Chief Judge.

We note at the outset that plaintiffs have failed to comply with Rule 28(b)(5) of the Rules of Appellate Procedure in that references to pertinent assignments of error and exceptions are not identified by number in their brief. However, in this instance, we will suspend the requirements of Rule 28 pursuant to our residual authority expressed in Rule 2, and discuss the appeal on its merits.

[1] Plaintiffs contend that the deputy commissioner erred in making findings of fact numbers 13, 14 and 15 and in his conclusions of law, and that the Full Commission incorrectly affirmed them. The findings and conclusions upon which the denial of compensation was based are as follows:

> 13. There was no emergency regarding the trailer or the contents thereof when decedent and the co-employee arrived at the scene. Extra exertion was not required of decedent in connection with pulling the trailer away from the warehouse.

> 14. Decedent was performing his assigned duties in the customary fashion without interruptions of unusualness on 21 March 1978 when he experienced sudden cardiac death.

> 15. Decedent did not experience injury by accident arising out of and in the course of the employment on 21 March 1978.

Based upon the foregoing, the deputy commissioner determined that "[d]ecedent did not experience sudden cardiac death by accident arising out of and in the course of the employment . . . because he was performing his assigned duties in the customary

fashion without interruptions of unusualness. N.C.G.S. 97-2(6); . . ." (Citing authority.) The claim was thus denied. The Full Commission, with one dissent, affirmed and adopted the deputy commissioner's opinion as its own.

Plaintiff argues that findings of fact Nos. 13, 14 and 15 "are not supported by the evidence or by any evidence." On the contrary, there is plenary evidence from which it may be inferred that no emergency existed and that no extra exertion was required of the decedent. Although there was a fire at the location, Billy Joe Matthews testified that "[t]he fire was under control from where we was at (sic). There was a cement block wall probably eight-foot high (sic) . . . [T]he fire was burning on the back side of the building from where we was at at that time . . . (sic)." He said that "[t]he fire was over on the back side of the building. I would say just roughly speaking the building was something like eighty or a hundred feet wide. It was long. The fire was concentrated on the back side of the building away from us." The Commission may have concluded from this testimony that the fire was not burning dangerously near the men at that time, and that the remaining flames were isolated from the employees by the concrete block wall. Matthews also testified that decedent drove to the scene of the fire at normal speed. He said that decedent "didn't seem to be excited or nothing (sic). We got on Wendover and he still, everything was real calm, . . ., (sic)." Although there was evidence that the trailer, possibly containing flammable material, was scorched and blackened, Mr. Matthews testified that firemen had sprayed the trailer with water. Plaintiffs offered no direct evidence that decedent was subjected to any physical or emotional stress. In fact, Matthew's testimony suggests that decedent was composed and that he employed the customary switching procedure without strain.

Plaintiffs assert that the circumstances surrounding the execution of the task of moving the trailer created an emergency, and espouse, by virtue of the fact that decedent was pulling a trailer labelled "flammable" away from a burning warehouse, that he was subjected to unusual mental and physical strain resulting in death. They introduced medical testimony regarding decedent's circulatory insufficiency to the heart to bolster this hypothesis. Indeed, this may be a reasonable surmise despite the lack of direct evidence of overexertion. "Evidential facts which cannot be

established by direct evidence may be proved by reasonable and legitimate inferences drawn from the established facts." *Holloman v. City of Raleigh*, 273 N.C. 240, 249, 159 S.E. 2d 874, 880 (1968). The facts would perhaps have allowed the Commission to find that a dangerous, urgent situation existed, as well. However,

> if there is any competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would support a finding to the contrary. (Citations omitted.)

*Blalock v. Durham*, 244 N.C. 208, 212, 92 S.E. 2d 758, 760 (1956), *cert. denied*, 274 N.C. 378; quoted in *Eaton v. Klopman Mills, Inc.*, 2 N.C. App. 363, 163 S.E. 2d 17 (1968). Our duty goes no further than to determine whether the record contains any evidence tending to support the finding. *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272 (1965). We find that there was ample competent evidence to support the commissioner's findings.

[2] Plaintiffs next assign error to the Commission's findings of fact and conclusion of law, because, it is argued, "in arriving at those Findings of Fact and Conclusion of Law and Award, the Industrial Commission ignored or disregarded or discounted the evidence of Dr. Theodore Keith, the only medical expert to testify in this case." Plaintiffs cite *Harrell v. J. P. Stevens and Co., Inc.*, 45 N.C. App. 197, 262 S.E. 2d 830, *cert. denied*, 300 N.C. 196, 269 S.E. 2d 623 (1980), for the proposition that the Commission must weigh and evaluate the entire evidence. However, the Commission in *Harrell* specifically stated that it had discounted certain medical testimony. The precedent is therefore inapposite to the case *sub judice*. Without more, we must reject plaintiffs' contention that the Commission disregarded the testimony of Dr. Keith or shirked its duty to consider all the evidence in arriving at its findings and conclusion of law.

> This is said in *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272: "The Workmen's Compensation Act, G.S. 97-86, vests the Industrial Commission with full authority to find essential facts. The Commission is the sole judge of the credibility of the witnesses *and the weight to be given their testimony*. . . . The court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether

the record contains any evidence tending to support the finding."

*Holloman v. City of Raleigh*, supra at 249, 159 S.E. 2d at 880. There is no showing that Dr. Keith's testimony was ignored.

In their third assignment, plaintiffs urge that the Industrial Commission erred in failing to find that the heart attack precipitating the death of plaintiff's decedent was an accident arising out of and in the course of employment within the meaning of the North Carolina Workers' Compensation Act. "The requirement of the Act that an injury to be compensable must be shown to have resulted from an accident arising out of and in the course of the employment is known and referred to as the rule of causal relation; . . .". *Bryan v. Free Will Baptist Church*, 267 N.C. 111, 115, 147 S.E. 2d 633, 635 (1966). An "accident" as that word is used in the Workers' Compensation Act has been variously defined as "an unlooked for and untoward event which is not expected or designed by the injured employee," "a result from a fortuitous cause," and "an unexpected or unforeseen event; an unexpected, unusual or undesigned occurrence." *Gabriel v. Newton*, 227 N.C. 314, 316-17, 42 S.E. 2d 96, 97 (1947).

> We said in *Bell v. Dewey Brothers, Inc.*, 236 N.C. 280, 72 S.E. 2d 680, " 'arising out of' means arising out of the work the employee is to do, or out of the service he is to perform. The risk must be incidental to the employment. *Hunt v. State*, 201 N.C. 707, 161 S.E. 203; *Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97."

> *Adams, J.*, said in *Hunt v. State, supra*, " 'in the course of' refer (sic) to the time, place and circumstances under which the accident occurs, and the words 'out of' to its origin and cause;" . . . .

*Lewter v. Abercrombie Enterprises, Inc.*, 240 N.C. 399, 403, 82 S.E. 2d 410, 414 (1954). A death does not arise out of employment unless it can be traced to the employment as a proximate cause. *Id.* "Whether the accident arose out of the employment is a mixed question of law and fact. . . . "*Alford v. Chevrolet Co.*, 246 N.C. 214, 216, 97 S.E. 2d 869, 871 (1957). We have already said that the finding of the Commission as to the factual portion of the question is conclusive here, since supported by competent evidence.

[3]  At this point, we must consider plaintiffs' fourth and final assignment of error, which was that the test which the Industrial Commission should have applied was whether work related strain or exertion was the causing or precipitating factor of the plaintiff's decedent's heart failure. That the Commission in considering the conclusion of the deputy commissioner should apply this test is accurate, as plaintiffs showed decedent to be suffering from a heart condition and raised the question of overexertion and stress in their evidence. We are not persuaded that the proper standard was not employed, however. "When one is carrying on his usual work in the usual way and suffers a heart attack, the injury does not arise by accident out of and in the course of employment." *Jackson v. Highway Commission*, 272 N.C. 697, 701, 158 S.E. 2d 865, 868 (1968). It is well settled in North Carolina that extra exertion by an employee resulting in injury may qualify as an injury by accident. *Gabriel v. Newton*, supra; *King v. Forsyth County*, 45 N.C. App. 467, 263 S.E. 2d 283, *cert. denied*, 300 N.C. 374, 267 S.E. 2d 676 (1980). The findings of fact state that no extra exertion was required of decedent to engage and pull the trailer away from the warehouse. By saying that when stricken decedent "was performing his assigned duties in the customary fashion without interruptions of unusualness," the deputy commissioner merely indicated that plaintiff failed to establish a causal link, i.e., that decedent was carrying on his usual work in the usual way, and did not meet with an accident arising out of his employment as those words are used in the Workers' Compensation Act.

We deem that there is competent evidence to support the facts found, and that the findings fully and fairly support the conclusion of law and denial of compensation. The deputy commissioner's opinion and award is, therefore,

Affirmed.

Judges ARNOLD and BECTON concur.