JENNIFER CASKIE, EMPLOYEE-PLAINTIFF v. R. M. BUTLER & COMPANY, EM-
PLOYER, AND AETNA CASUALTY & SURETY COMPANY, CARRIER-DEFENDANTS

No. 8610IC967

(Filed 7 April 1987)

**Master and Servant § 65.2— back injury—injury by accident**
        The Industrial Commission erred by concluding as a matter of law that
    plaintiff's back injury was not the result of an accident where the Commission
    concluded that the injury was not the result of a specific traumatic incident,
    but plaintiff had testified that the repeated lifting of cases of cigarettes cou-
    pled with twisting and contorting in a cramped area to reach behind and on
    top of the cigarette display rack was not part of her regular job routine; the
    Commission found that plaintiff had never performed as much repetitious lift-
    ing and stacking of cases on a single day as she did on September 24; and
    plaintiff's doctor testified that her injury was the result of the lifting she had
    done on 24 September 1984 and that it was not unusual for no pain to be felt
    from such an injury until the day after the actual injury. Even if there is no
    specific traumatic incident, a claimant should still be provided coverage if he
    or she meets the definition of injury by accident contained in N.C.G.S.
    § 97-2(6).

APPEAL by plaintiff from the North Carolina Industrial Com-
mission. Opinion and Award entered 22 May 1986. Heard in the
Court of Appeals 5 February 1987.

Plaintiff worked as a cashier at defendant-employer's grocery
store. Her duties mostly consisted of customer service and oper-
ating a cash register. On 24 September 1984, plaintiff was asked
by a customer to find a carton of a specific brand of cigarettes. To
do this, plaintiff had to push a heavy cigarette rack, which was on
rollers, out from the counter. With little room to maneuver, plain-
tiff reached above her head to move ten or eleven cases of ciga-
rettes stacked on top of one another to see if she could find the
brand requested. She then restacked the cases. Immediately after
replacing the cigarette cases as they were, another customer re-

quested another specific brand of cigarettes, and plaintiff repeated the same procedure. Immediately after plaintiff finished restacking the cigarettes the second time, the store manager asked plaintiff to shelve a shipment of cigarette cases that had just arrived. In stacking these cases, plaintiff had to bend over to pick the cases off the floor; using one hand under the box and one on top, plaintiff lifted the box up over her head. At one point some cigarettes spilled and plaintiff had to squeeze behind the rack to pick them up. According to plaintiff, this sequence of events required much more lifting and straining than her job normally required.

The next morning, plaintiff awoke with pain in her lower back. She was stiff and had difficulty bending. The following day the pain was worse and she consulted a doctor. The doctor diagnosed her injury as a pulled ligament in the back, caused by the repeated straining and lifting of two days earlier. Plaintiff was unable to work from 25 September 1984 until 22 February 1985.

Plaintiff filed a claim for workers' compensation benefits. The deputy commissioner denied her claim on the ground that her injury was not the result of a specific traumatic incident, was not an interruption of her work routine, was not an "injury by accident," and was not covered by the Workers' Compensation Act. The Full Commission, with one member dissenting, adopted and affirmed the opinion of the deputy commissioner. Plaintiff appeals.

*Ling and Farran by Jeffrey P. Farran for plaintiff-appellant.*

*Smith Helms Mulliss and Moore by J. Donald Cowan, Jr., for defendants-appellees.*

PARKER, Judge.

Plaintiff's sole assignment of error is that the Industrial Commission erred in concluding that her injury was not the result of a "specific traumatic incident" but developed gradually and was not, therefore, an accident within the coverage of the Workers' Compensation Act for back injuries.

In 1983, G.S. 97-2(6) was amended to read as follows:

"Injury and personal injury" shall mean only injury by accident arising out of and in the course of the employment,

. . . . With respect to back injuries, however, where the injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.

General Statute 97-2(6).

The "specific traumatic incident" amendment was intended by the legislature to supplement the law related to back injuries, not to supplant it. The effect of the amendment was to eliminate the need to show an external cause or unusual conditions in order for a worker to receive compensation for a back injury. Instead, what may be shown is that the back injury arose in the course of the employment and that the injury was "the direct result of a specific traumatic incident of the work assigned." G.S. 97-2(6).

If the injury arises out of and in the course of employment and is the result of a "specific traumatic incident," then the statute as amended mandates that the injury be construed to be "injury by accident." However, if there is no "specific traumatic incident," a claimant should still be provided coverage if he or she meets the definition of "injury by accident" contained in the first sentence of G.S. 97-2(6), as interpreted by our courts.

Under our case law, a back injury is considered to be an "injury by accident" where it is the result of an unlooked for and untoward event not expected or designed by the injured employee, and is not the result of inherent weakness and not an ordinary and expected incident of employment. *E.g., Edwards v. Publishing Co.,* 227 N.C. 184, 41 S.E. 2d 592 (1947). This interpretation includes lifting of an unusually heavy object, *e.g., Davis v. Summitt,* 259 N.C. 57, 129 S.E. 2d 588 (1963), or twisting and straining which is not a part of the injured worker's regular work routine, *e.g., Searcy v. Branson,* 253 N.C. 64, 116 S.E. 2d 175 (1960).

In our opinion, the Commission erred in concluding as a matter of law that plaintiff's injury was not the result of an accident. Plaintiff testified that the repeated lifting of the cases of cigarettes, coupled with the twisting and contorting in a cramped area to reach in behind and on top of the cigarette display rack, was not part of her regular job routine. Indeed, the Commission

Caskie v. R. M. Butler & Co.

found as fact that "plaintiff had never performed as much repetitious lifting and stacking of cases on a single day as she did on September 24." Even though the work may have been part of plaintiff's job description, plaintiff was not merely carrying on her usual and customary duties in the usual way. The fact that plaintiff did not experience immediate pain is not determinative. Plaintiff's doctor testified that her injury was the result of the lifting she had done on 24 September 1984 and that it was not unusual for no pain to be felt from such an injury until the day after the actual injury. Based on the evidence and its own findings, under existing case law, without deciding the issue of specific traumatic incident, the Commission should have concluded that plaintiff's back injury was an injury by accident arising out of and in the course of employment, thereby qualifying as a compensable injury under the first sentence of G.S. 97-2(6).

While this Court is bound by the Commission's findings of fact based on competent evidence, conclusions of law, even if designated as findings of fact, are reviewable. Similarly, where facts are found or the Commission fails to find facts under a misapprehension of the law, the case may be remanded for a consideration of the evidence in its true legal light. *Mills v. Fieldcrest Mills*, 68 N.C. App. 151, 314 S.E. 2d 833 (1984). In the instant case, the Commission appears to have limited its consideration to the specific traumatic incident standard. We, therefore, vacate the Opinion and Award of the Commission denying plaintiff's claim and remand the case for further proceedings consistent with this opinion.

Vacated and remanded.

Judges MARTIN and COZORT concur.