BEVERLY A. RUFFIN, Employee-Plaintiff v. COMPASS GROUP USA, Employer, CNA INSURANCE CO., Insurer, Defendants

No. COA01-18

(Filed 4 June 2002)

**1. Workers' Compensation— specific traumatic incident— vending machine route—back injury**

The Industrial Commission did not err in a workers' compensation action by concluding that plaintiff had suffered a compensable back injury resulting from a specific traumatic incident when she aggravated a pre-existing condition by lifting a forty-pound box of syrup while servicing a vending machine.

**2. Workers' Compensation— back injury—new vending machine route—same duties, greater work load**

It was noted that the Industrial Commission in a workers' compensation action could have concluded that plaintiff suffered an injury by accident which arose out of and in the course of employment where she injured her back on a new vending machine route that did not alter her duties but included longer hours and increased lifting and straining. Even though the new requirements may have been part of plaintiff's normal job description, plaintiff was not merely carrying out her duties in the usual way.

**3. Workers' Compensation— back injury—symptoms in neck and shoulder·**

There was competent evidence in a workers' compensation action to support the Industrial Commission's findings that plaintiff suffered a compensable back injury where the symptoms were apparent in the neck and shoulder but the injury was to spinal discs, which are indisputably the "back."

**4. Workers' Compensation— disability—causal connection with injury**

The Industrial Commission did not err by finding a causal connection between plaintiff's back injury and her disability where medical testimony was presented to establish causation.

Judge TYSON dissenting.

Appeal by defendants from an opinion and award entered 10 October 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 November 2001.

*Law Offices of Roberta L. Edwards, P.A., by Kenneth R. Massey, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Dayle A. Flammia and Tara L. Davidson, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

Compass Group USA ("employer") and CNA Risk Management Co. ("carrier") (collectively "defendants") appeal from an opinion and award entered by the North Carolina Industrial Commission ("Full Commission") awarding Beverly Ruffin ("plaintiff") workers' compensation benefits. We affirm.

Pertinent facts and procedural history include the following: Plaintiff worked as a vendor, servicing vending machines in Rocky Mount, North Carolina. Her duties consisted of loading and unloading food supplies and soft drinks from her truck and stocking vending machines. Additionally, plaintiff was responsible for re-supplying cola machines with syrup. When a handcart was inaccessible, plaintiff was also responsible for manually carrying eight to ten cases of soda and lifting forty-pound boxes of syrup. Plaintiff operated the same vending route for a year; however, in April 1998, her route changed. Although plaintiff's normal job duties were not altered by her new route, there was a significant change in the amount of her work load including longer hours and more lifting and straining than her job normally required.

On 9 May 1998, plaintiff pulled a forty-pound box of syrup from the truck. As she lifted the box, plaintiff felt a cramp in her left shoulder blade. The next morning, plaintiff experienced pain in her left shoulder and numbness in her left arm and fingers. Plaintiff reported to the emergency room with complaints of "pain in her left side of her

upper back" and was referred to Carolina Regional Orthopaedics. On 21 May 1999, plaintiff was examined by Dr. David C. Miller ("Dr. Miller"), a spine specialist. Dr. Miller reviewed plaintiff's MRI which revealed pre-existing problems including an unusual curvature of the spine and disc herniations and concluded that the 9 May 1999 injury aggravated these pre-existing conditions. Dr. Miller further stated that the aggravation of plaintiff's herniated disc resulted in nerve impingement which caused plaintiff's neck and left shoulder pain. After surgery, plaintiff returned to work with restrictions against repeated lifting of more than forty pounds.

Plaintiff filed a claim for workers' compensation benefits. On 22 January 1999, a hearing was held before Deputy Commissioner Amy L. Pfeiffer. In an opinion filed 17 November 1999, Deputy Commissioner Pfeiffer denied plaintiff's claim, concluding that plaintiff did not sustain an injury by accident arising out of and in the course of her employment. Plaintiff appealed to the Full Commission and with one member dissenting, the Full Commission reversed the opinion and award of the Deputy Commissioner and made the following pertinent finding of fact:

12. On 9 May 1998, plaintiff suffered an injury resulting from a specific traumatic incident which arose out of and in the course of her employment with defendant-employer, and which aggravated a pre-existing condition of her cervical spine.

The Commission concluded that plaintiff suffered a "compensable injury in the form of the aggravation of a pre-existing condition as a direct result of a specific traumatic incident arising out of and in the course of her employment" with defendants. From this opinion and resulting award, defendants appeal.

---

[1] In the first assignment of error, defendants contend that the Full Commission erred when it found as a fact and concluded as a matter of law that plaintiff suffered a compensable back injury resulting from a "specific traumatic injury" arising out of and during the course of employment. For the reasons discussed below, we disagree.

First we note that in reviewing an opinion and award entered by the Full Commission, our inquiry is limited to two questions: (1) whether there is any competent evidence in the record to support the Commission's findings of fact, and (2) whether the Commission's findings of fact, likewise, support its conclusions of law. *See Simmons v. N.C. Dept. of Transp.*, 128 N.C. App. 402, 405-06, 496

S.E.2d 790, 793 (1998). "The findings of fact by the Industrial Commission are conclusive on appeal, if there is any competent evidence to support them, and even if there is evidence that would support contrary findings." *Fish v. Steelcase, Inc.*, 116 N.C. App. 703, 708, 449 S.E.2d 233, 237 (1994), *cert. denied*, 339 N.C. 737, 454 S.E.2d 650 (1995). However, the Commission's conclusions of law are fully reviewable on appeal. *Id.* This Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965). *See also Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116-17, 530 S.E.2d 549, 553 (2000) (holding that "[r]equiring the Commission to explain its credibility determinations and allowing the Court of Appeals to review the Commission's explanation of those credibility determinations would be inconsistent with our legal system's tradition of not requiring the fact finder to explain why he or she believes one witness" or one piece of evidence over another).

N.C. Gen. Stat. § 97-2(6) (2001) defines a back injury as one arising "out of and in the course of the employment, and is the direct result of a specific traumatic incident of the work assigned." Prior to the amendment in 1983, "this statute required that there be some type of unusual circumstance" for a compensable back injury. *Fish*, 116 N.C. App. at 707, 449 S.E.2d at 237. N.C. Gen. Stat. § 97-2(6) now provides two theories upon which a back injury can be compensated: "(1) if the claimant was injured by accident; or (2) if the injury arose from a specific traumatic incident." *Glynn v. Pepcom Industries*, 122 N.C. App. 348, 354, 469 S.E.2d 588, 591 (1996). "If the injury arises out of and in the course of employment and is the result of a 'specific traumatic incident,' then the statute as amended mandates that the injury be construed to be 'injury by accident.' " *Caskie v. R.M. Butler & Co.*, 85 N.C. App. 266, 268, 354 S.E.2d 242, 244 (1987) (citation omitted). However, if there is no 'specific traumatic incident' the claimant may still be entitled to workers' compensation benefits if she meets the definition of 'injury by accident.' *Id.* (citation omitted).

Under our current case law, the specific traumatic incident provision of N.C. Gen. Stat. § 97-2(6) requires the plaintiff to prove an injury at a judicially cognizable point in time. *See Fish*, 116 N.C. App. at 708, 449 S.E.2d at 237. In determining whether an injury occurred at a cognizable time, it is not necessary to "allege the specific hour or day of the injury." *Id.* Moreover, "*[j]udicially cognizable* does not

mean 'ascertainable on an exact date.' " *Id.* at 709, 449 S.E.2d at 238 (alteration in original) (citation omitted). Instead,

> the term should be read to describe a showing by plaintiff which enables the Industrial Commission to determine when, within a reasonable period, the specific injury occurred. The evidence must show that there was some event that caused the injury, not a gradual deterioration. If the window during which the injury occurred can be narrowed to a judicially cognizable period, then the statute is satisfied.

*Id.* Thus, "events which occur contemporaneously, during a cognizable time period, and which cause a back injury, do fit the definition intended by the legislature." *Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 119 (1988), *disc. review denied*, 324 N.C. 337, 378 S.E.2d 799 (1989).

In the instant case, the evidence establishes that plaintiff sustained an injury as a result of a specific traumatic incident. The Commission found, and the evidence fully supports that plaintiff suffered a specific traumatic incident on 9 May 1998, when she lifted a forty-pound box of syrup out of her truck. This incident resulted in injury to her pre-existing back conditions including herniating discs and an unusual curvature of the spine. "Clearly, aggravation of a pre-existing condition which results in loss of wage earning capacity is compensable under the workers' compensation laws in our state." *Smith v. Champion, Int'l.*, 134 N.C. App. 180, 182, 517 S.E.2d 164, 166 (2000). We therefore hold that the competent evidence clearly supports the finding and resulting conclusion that "plaintiff suffered a compensable injury in the form of the aggravation of a pre-existing condition as a direct result of a specific traumatic incident arising out of and in the course of her employment[.]"[1]

---

**[2]** 1. We note that under our existing case law, even without deciding the issue of specific traumatic incident, the Commission could have concluded that plaintiff's back injury was an "injury by accident" arising out of and in the course of employment, therefore qualifying as a compensable injury under N.C. Gen. Stat. § 97-2(6). Clearly, the evidence establishes that plaintiff's new job duties required more lifting and more physical work exertion. Even though the new requirements may have been part of plaintiff's normal job description, plaintiff was not merely carrying on her duties in the usual way. "It is well settled in this State that an extra or unusual degree of exertion by an employee while performing a job may constitute the unforeseen or unusual event or condition necessary to make any resulting injury an 'injury by accident.' " *Jackson v. Fayetteville Area Sys. of Transp.*, 88 N.C. App. 123, 126, 362 S.E.2d 569, 571 (1987); *see also Caskie v. R.M. Butler & Co.*, 85 N.C. App. 266, 269, 354 S.E.2d 242, 244 (1987) (holding that without deciding the issue of specific traumatic incident, the Commission should have concluded that plaintiff suffered an injury by accident arising out of and

**[3]** Defendants argue that the evidence only establishes that plaintiff suffered a shoulder injury, not a back injury. However, contrary to defendants' assertion, there is competent evidence in the record to support the Full Commission's findings that plaintiff suffered a compensable injury in the form of an aggravated back injury. Plaintiff testified that on 9 May 1998, she sustained an injury while lifting a forty-pound box of syrup out of her truck. Plaintiff stated that she felt a "pull or cramp" in the area of her left shoulder blade, towards the center of her back. Subsequent tests revealed herniating discs to the left side of plaintiff's back. Medical evidence tended to show that plaintiff suffered from a "disk protrusion or a herniation at the C5 and C6 level" and "kyphosis which is an unusual curvature of the spine." Dr. Miller opined that although plaintiff's herniating discs probably pre-existed the 9 May 1998 injury, the incident aggravated plaintiff's pre-existing condition and resulted in nerve impingement, causing neck and left shoulder pain. Even though the symptoms may have been manifest in the neck and shoulder area, the injury was to the spinal discs, which are indisputably, the "back." Further, while there may have existed conflicting evidence as to the "degree of plaintiff's impairment, it was for the Commission to weigh the credibility of the witnesses and to decide the issues." *Smith*, 130 N.C. App. at 182, 517 S.E.2d at 166. We therefore overrule this assignment of error.

**[4]** In their second assignment of error, defendants further contend that the Full Commission erred by finding a causal connection between plaintiff's injury and her disability. We disagree.

"In order for there to be a compensable claim for workers' compensation, there must be proof of a causal relationship between the injury and the employment." *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 597, 532 S.E.2d 207, 210 (2000). "In evaluating the causation issue, 'this Court can do no more than examine the record to determine whether any competent evidence exists to support the Commission's findings as to causation[.]' " *Id.* at 598, 532 S.E.2d at 210 (quoting *Young v. Hickory Business Furniture*, 137 N.C. App. 51, 55, 527 S.E.2d 344, 348 (2000)). An opinion by an expert to a reasonable degree of medical certainty that a particular cause could or might have produced the result is sufficient to support an award of workers' compensation benefits. *See Buck v. Proctor & Gamble, Co.*, 52 N.C. App. 88, 96, 278 S.E.2d 268, 273 (1981) (holding that in "viewing the totality of the expert testimony in the light most favorable to

in the course of employment, where the evidence showed that plaintiff "was not merely carrying on her usual and customary duties in the usual way").

plaintiff," there was some evidence that the incident could have "produced the particular disability in question," and therefore, with respect to the sufficiency of the medical expert's opinion on causation, it is conclusive on appeal).

In the instant case, medical testimony was presented to establish causation. Dr. Miller opined that plaintiff's work-related accident aggravated pre-existing conditions existing prior to the date of the injury. Dr. Miller testified, to a reasonable degree of medical certainty, that the lifting of the four-gallon box by plaintiff could have aggravated a pre-existing condition and that, "in light of those underlying findings, it is possible or likely that [plaintiff's] lifting episode could have exacerbated those underlying, preexisting conditions, to give[] her the pain that she complained about." Dr. Miller further testified that the aggravation of plaintiff's herniated discs resulted in nerve impingement causing plaintiff's neck and left shoulder pain. In light of this testimony, we hold that the Full Commission did not err in determining that plaintiff's pre-existing condition contributed to some reasonable degree to her current disability.

For the foregoing reasons, we hold that there was competent evidence to support the Full Commission's findings and we affirm the opinion and award of the Full Commission.

Affirmed.

Judge HUDSON concurs.

Judge TYSON dissents.

TYSON, Judge, dissenting.

I do not find competent evidence in the record to support the Commission's finding and conclusion that plaintiff suffered a compensable back injury. I disagree with the majority's application of a "specific traumatic incident" under N.C.G.S. § 97-2(6) to the facts of this case. Therefore, I respectfully dissent.

In order to be compensable under the Workers' Compensation Act ("Act"), an injury must result from an "accident arising out of and in the course of the employment." N.C. Gen. Stat. § 97-2(6) (2001). An accident is an "unlooked for and untoward event which is not expected or designed by the injured employee." *Edwards v. Piedmont Publ'g Co.*, 227 N.C. 184, 186, 41 S.E.2d 592, 593 (1947)

(citations omitted). In 1983, the General Assembly amended N.C.G.S. § 97-2(6) to provide that the term "injury" as applied to back injuries, means an injury resulting from a "specific traumatic incident of the work assigned." *See Richards v. Town of Valdese*, 92 N.C. App. 222, 224, 374 S.E.2d 116, 118 (1988) (citing N.C. Gen. Stat. § 97-2(6)). An employee may show a back injury by proving either (1) injury by accident or (2) injury arising from a specific traumatic incident. *Id.* This amendment eliminated the requirement that a back injury be the result of an "accident." However, "injury by accident" still applies to injuries to parts of the body other than the back. *Id.*

Here, plaintiff repeatedly testified that she felt a "cramp," "catch," or "pull" in her left "shoulder" or "shoulder blade." Plaintiff never testified to an injury to her neck. The majority opinion relies on the testimony of Dr. Miller. Dr. Miller was asked:

> if [plaintiff] previously testified that while working on or about May 8[th], [sic] 1998, she felt a catch in her _neck_ while lifting a box which contained approximately four gallons of syrup, do you have an opinion satisfactory to yourself and to a reasonable degree of medical certainty that this incident could or might have caused her injuries, which included disk [sic] herniations at the C4-5—C4-C5, C5-C6, and C6-C7 levels?

(Emphasis supplied.) Dr. Miller's testimony was based on facts not in evidence. His opinion was not competent testimony of a back injury. *See Hubbard v. Quality Oil Co. of Statesville, Inc.*, 268 N.C. 489, 494, 151 S.E.2d 71, 76 (1966) ("Expert testimony on a state of facts not supported by the evidence is inadmissible.").

"[T]here must be some unforeseen or unusual event other than the bodily injury itself" for an incident to constitute an accident within the meaning of the Act. *Rhinehart v. Roberts Super Mkt., Inc.*, 271 N.C. 586, 588, 157 S.E.2d 1, 3 (1967). "If an employee is injured while carrying on his usual tasks in the usual way the injury does not arise by accident." *Gunter v. Dayco Corp.*, 317 N.C. 670, 673, 346 S.E.2d 395, 397 (1986). If an interruption of the work routine occurs introducing unusual conditions likely to result in unexpected consequences, an accidental cause will be inferred. *Id.* Here, plaintiff failed to show a compensable injury by accident.

Plaintiff informed her treating chiropractor that she was injured from repetitive motion. Plaintiff testified on cross-examination that her injury occurred from "constantly do[ing] a job every day, ten to

twelve hours a day." Plaintiff further testified that on 9 May 1998, the date of the incident, she had only one vendor to service and that she lifted forty-pound boxes of syrup everyday as a part of her normal work routine.

The majority opinion, in a footnote, correctly cites that "an extra or unusual degree of exertion by an employee while performing a job may constitute the unforeseen or unusual event or condition necessary to make any resulting injury an injury 'by accident.' " *Jackson v. Fayetteville Area Sys. of Transp.*, 88 N.C. App. 123, 126, 362 S.E.2d 569, 571 (1987) (citing *Jackson v. North Carolina State Highway Commission*, 272 N.C. 697, 158 S.E.2d 865 (1968); *Gabriel v. Town of Newton*, 227 N.C. 314, 42 S.E.2d 96 (1947); *Gladson v. Piedmont Stores*, 57 N.C. App. 579, 292 S.E.2d 18, *disc. rev. denied*, 306 N.C. 556, 294 S.E.2d 370 (1982); *Bingham v. Smith's Transfer Corp.*, 55 N.C. App. 538, 286 S.E.2d 570 (1982); *Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 264 S.E.2d 360 (1980)). The facts of the present case are distinguishable.

In *Jackson*, the plaintiff had unusual difficulty in opening a money collection box. *Jackson*, 88 N.C. App. at 124, 362 S.E.2d at 570. Jackson testified that she had no problem with any box until this particular one, that she could not recall ever having a money box that tough to open or that heavy, and that she had not previously had to exert as much pressure to get one to open. *Id.* at 125, 362 S.E.2d at 570. Similarly in *Porter*, the plaintiff suffered an injury by accident when he experienced pain while straining to withdraw a rod from a roll of cloth which was "extra tight" and "unusually hard" to pull out. *Porter*, 46 N.C. App. at 25, 264 S.E.2d at 362. There was no evidence of such unusual exertion here.

Plaintiff did not testify to any unusual exertion in sliding and lifting the syrup box onto the handcart. The majority opines that the addition of stops on plaintiff's vendor route amounted to "an extra or unusual degree of exertion." The evidence does not support this conclusion. Plaintiff testified that she had been servicing the additional stops for three weeks prior to the day of the incident and that she was servicing only one vendor on that day. *See Bowles v. CTS of Asheville, Inc.*, 77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985) ("once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an 'injury by accident' ") (citations omitted).

ALFORD v. CATALYTICA PHARMS., INC.

[150 N.C. App. 489 (2002)]

The evidence fails to establish that there was an interruption of plaintiff's regular work routine nor an unusual degree of exertion to qualify the incident as an injury by accident. *See Swindell v. Davis Boat Works, Inc.*, 78 N.C. App. 393, 397, 337 S.E.2d 592, 594 (1985) (no matter how great the injury, if it occurred under normal working conditions and the employee was injured while performing his regular duties in the usual and customary manner, no accident has occurred). The Commission's findings and conclusions are not supported by the evidence. I would reverse the Opinion and Award of the Commission. Accordingly, I respectfully dissent.