It is well settled that where an injury is clearly attributable to an idiopathic condition of the employee, with no other factors intervening or operating to cause or contribute to the injury, no award should be made; however, where the injury is associated with any risk attributable to the employment, compensation should be allowed, even though the employee may have suffered from an idiopathic condition which precipitated or contributed to the injury. Hollar v. Montclair FurnitureCo., Inc., 48 N.C. App. 489, 269 S.E.2d 667 (1980). For. occupational disease purposes, an employer must take his employee as he finds him, and the employer is liable for full extent of a compensable injury even where a pre-existing condition substantially contributes to the degree of the injury. See Frady v. Groves Thread, 56 N.C. App. 61, 286 S.E.2d 844
(1982). Moreover, the aggravation or exacerbation of a pre-existing condition that results in loss of wage earning capacity is compensable under the Workers' Compensation Act. Ruffin v. Compass Group USA,150 N.C. App. 480, 563 S.E.2d 633 (2002); Smith v. Champion, Int'l.,134 N.C. App. 180, 517 S.E.2d 164 (1999).
In the present case, the majority correctly concluded that, based uponRutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983), plaintiff had not shown that his rheumatoid arthritis was a compensable occupational disease, and that such disease was a pre-existing condition. However, the majority erred in failing to conclude that plaintiff's work aggravated his rheumatoid condition. The evidence of record shows that plaintiffs job as a machine operator required him to use his upper extremities frequently and repetitively with load-bearing force. The medical notes of Dr. Ralph Coonrad, who surgically replaced both of plaintiffs elbows, show that Dr. Coonrad believed it was possible that plaintiffs job aggravated his condition. Additionally, Dr. David Caldwell, a rheumatologist who treated plaintiff, testified that because of plaintiffs pre-existing rheumatoid disease, plaintiff was placed at an increased risk of developing an exacerbation of his rheumatoid arthritis. However, the majority assigned greater weight to the testimony of Dr. George Edwards Jr., and Dr. Douglas Adams, who neither treated nor evaluated plaintiff in person, in concluding that plaintiffs job did not aggravate or exacerbate his pre-existing rheumatoid arthritis. Greater weight should be afforded the testimony of plaintiffs treating physicians, rather than physicians who merely reviewed plaintiffs medical records.
Although plaintiffs work with defendant did not cause him to develop rheumatoid arthritis, the work assigned to him did indeed cause an aggravation or exacerbation of his condition. Due to the work-related aggravation or exacerbation of his rheumatoid disease, plaintiff has suffered a loss in wage earning capacity and should be compensated pursuant to the Workers' Compensation Act. For these reasons, I respectfully dissent.
This 1st day of December 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER