It is well settled that an employer must take his employee as he finds her, and the employer is liable for the full extent of a compensable injury even where a pre-existing condition substantially contributes to the degree of the injury. See Fradyv. Groves Threa, 56 N.C. App. 61. 286 S.E.2d 844 (1982). Moreover, the aggravation or exacerbation of a pre-existing condition that results in a loss of wage earning capacity is compensable under the Workers Compensation Act. Ruffin v. Compass Group USA,150 N.C. App. 480, 563 S.E.2d 633 (2002); Smith v. Champion, Int'l.,134 N.C. App. 180, 517 S.E.2d 164 (1999).
In the present case, the majority correctly concluded that plaintiff had not shown that her lateral epicondylitis and carpal tunnel syndrome were compensable occupational diseases. rather finding that such diseases were pre-existing conditions. However, the majority erred in failing to conclude that plaintiff's work aggravated or exacerbated her upper-extremity conditions. The evidence of record shows that plaintiffs job as a housekeeper required her to use her upper extremities frequently and repetitively.
The testimony of Dr. S. Lamont Wooten, who treated plaintiff, shows that he believed that plaintiff's job aggravated or exacerbated her upper-extremity conditions. Nonetheless, the majority assigned greater weight to the testimony of Dr. Marian Swinker, who did not agree that plaintiffs work aggravated or exacerbated her conditions. The majority chose to afford greater weight to the opinion of Dr. Swinker as opposed to Dr. Wooten, seemingly because Dr. Swinker specializes in occupational medicine and Dr. Wooten is an orthopaedic surgeon. In doing so, the majority has overlooked the time-honored mandate of the North Carolina Supreme Court that `the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v.South Ati. Warehouse Co., 212 N.C. 599,194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp. 349 N.C. 676,509 S.E.2d 411 (1998).
In cases such as the present matter, where the opinions of two distinguished treating physicians are at odds, the physician testimony that supports plaintiff's position should be given greater weight so as to ensure that the evidence is viewed in the light most favorable to plaintiff. Although the record is insufficient to show that plaintiff's work with defendant caused her lateral epicondylitis and carpal tunnel syndrome, the record does show that the work assigned plaintiff caused an aggravation or exacerbation of her conditions. Under the provisions of N.C. Gen. Stat. § 97-29, plaintiff should be awarded temporary total disability benefits for the periods when she was incapable of earning the same wages due to the work-related aggravation and exacerbation of her upper-extremity conditions. For these reasons, I respectfully dissent.
This 3rd day of May 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER