It is well settled that an employer must take his employee as he finds him, and the employer is liable for the full extent of a compensable injury even where a pre-existing condition substantially contributes to the degree of the injury. See Frady v. Groves Thread, 56 N.C. App. 61,286 S.E.2d 844 (1982). Moreover, the aggravation or exacerbation of a pre-existing condition that results in a loss of wage earning capacity is compensable under the Workers' Compensation Act. Ruffin v. Compass GroupUSA, 150 N.C. App. 480, 563 S.E.2d 633 (2002); Smith v. Champion,Int'l., 134 N.C. App. 180, 517 S.E.2d 164 (1999).
In the present case, the majority erred in failing to find that plaintiff's admittedly compensable injury on November 19, 1998, aggravated or exacerbated his pre-existing Chiari malformation. The evidence of record shows that the syrinx, or small cyst in the spinal cord of plaintiff's neck, was likely triggered by the work-related cervical hyperextension injury that plaintiff experienced on November 19, 1998. Neurosurgeon John Gorecki, M.D., who treated plaintiff and was deposed in this matter, diagnosed plaintiff with a "cervical syrinx triggered by an acute cervical hyperextension injury with an associated Chairi malformation." Plaintiff presented to Dr. Gorecki with symptoms of pain in his neck, intermittent paralysis, and feelings of electric shock and numbness affecting both hands and feet. Dr. Gorecki testified at deposition that "the injury at least triggered the symptoms, if not the formation of the syrinx associated with the Chiari."
Nonetheless, the majority assigned greater weight to the testimony of neurologist Mitchell Freedman, M.D, who did not agree that plaintiff's work-related injury triggered plaintiff's condition. The majority chose to afford greater weight to the opinion of Dr. Freedman, as opposed to Dr. Gorecki, seemingly because Dr. Gorecki did not examine plaintiff until 15 months after the work-related injury; however, the record shows that plaintiff did not treat with Dr. Freedman until 9 months after the injury. Thus, the physicians were on equal ground because neither could testify as to plaintiff's condition before and immediately after the work-related injury.
In choosing to afford greater weight to the opinion of Dr. Freedman, as opposed to Dr. Gorecki, the majority has overlooked the time-honored mandate of the North Carolina Supreme Court that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl. WarehouseCo., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval in Adams v.AVX Corp., 349 N.C. 676, 509 S.E.2d 411 (1998).
In cases such as the present matter, where the opinions of two distinguished treating physicians are at odds, the physician testimony that supports plaintiff's position should be given greater weight so as to ensure that the evidence is viewed in the light most favorable to plaintiff. The evidence of record shows that the syrinx, or small cyst in the spinal cord of plaintiff's neck, was likely triggered by the work-related cervical hyperextension injury that plaintiff experienced on November 19, 1998, which aggravated or exacerbated his pre-existing Chiari malformation. Plaintiff should be awarded medical treatment for the treatment of his syrinx-related conditions and ongoing indemnity benefits for the disability related to his compensable injury. For these reasons, I respectfully dissent.
This 8th day of June 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER