The majority in this case correctly concluded, based upon Rutledge v.Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983), that plaintiff had not shown that his degenerative arthritis was a compensable occupational disease, and that such disease was a pre-existing condition. The majority also correctly found, based upon the testimony of Dr. Frederick Benedict, that plaintiff's pre-existing degenerative arthritis was aggravated by his employment. However, the majority erred in failing to conclude that the aggravation of plaintiff's pre-existing condition is indeed compensable under the Workers Compensation Act.
It is well settled that where an injury is clearly attributable to an idiopathic condition of the employee, with no other factors intervening or operating to cause or contribute to the injury, no award should be made; however, where the injury is associated with any risk attributable to the employment, compensation should be allowed, even though the employee may have suffered from an idiopathic condition which precipitated or contributed to the injury. Hollar v. Montclair FurnitureCo., Inc., 48 N.C. App. 489, 269 S.E.2d 667 (1980). For occupational disease purposes, an employer must take his employee as he finds him, and the employer is liable for full extent of a compensable injury even where a pre-existing condition substantially contributes to the degree of the injury. See Frady v. Groves Thread, 56 N.C. App. 61, 286 S.E.2d 844
(1982). Moreover, the aggravation or exacerbation of a pre-existing condition that results in a loss of wage earning capacity is compensable under the Workers' Compensation Act. Ruffin v. Compass Group USA,150 N.C. App. 480, 563 S.E.2d 633 (2002); Smith v. Champion, Int'l.,134 N.C. App. 180, 517 S.E.2d 164 (1999).
Although plaintiff's work with his employer did not cause him to develop degenerative arthritis, the work assigned to him did indeed cause an aggravation or exacerbation of his condition. Due to the work-related aggravation or exacerbation of his pre-existing arthritic disease, plaintiff has suffered a loss in wage earning capacity and should be compensated pursuant to the Workers' Compensation Act. For these reasons, I respectfully dissent.
This 15th day of August 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER