CHARLIE T. THOMAS, Employee, Plaintiff-Appellant v. McLAURIN PARKING COM-
PANY, Employer; HARLEYSVILLE INSURANCE COMPANY, Carrier, Defendant-
Appellees

No. COA06-375

(Filed 6 February 2007)

**1. Workers' Compensation— motion for leave to submit additional evidence—implicit ruling**

The Industrial Commission did not err in a workers' compensation case by failing to rule on plaintiff's motion for leave to submit additional evidence because, although the Commission's ruling was not as explicit as desired, an implicit ruling was made on the motions brought forward on appeal to the Commission.

**2. Workers' Compensation— findings of fact—sufficiency of evidence**

The Industrial Commission did not err in a workers' compensation case by its findings of fact 7, 8, and 9, because: (1) plaintiff confused the distinction made by the Commission between the evidence regarding the employment causing the aggravation of

the arthritis and the employment causing the arthritic condition; and (2) neither doctor testified that plaintiff's employment caused his arthritis nor that his employment placed him at a greater risk for contracting arthritis.

**3. Workers' Compensation— failure to make additional findings—causation—occupational disease**

The Industrial Commission did not err in a workers' compensation case by failing to make additional findings as to causation and failing to make findings as to each element of an occupational disease, because: (1) the Commission is not required to find facts as to all credible evidence, but only those facts which are necessary to support its conclusions of law; and (2) the Commission is not required to make findings of fact as to each element of an occupational disease claim upon denial, and the denial may be predicated upon the failure of the claimant to prove any one of the elements of compensability.

**4. Workers' Compensation— occupational disease—causation—employment placed at greater risk**

The Industrial Commission did not err in a workers' compensation case by applying the standards set forth in *Futrell v. Resinall Corp.*, 151 N.C. App. 456 (2002), regarding compensation for an occupational disease claim, because: (1) evidence of the aggravation of a preexisting idiopathic condition caused by a claimant's employment is sufficient to establish a causal connection for an occupational disease claim; (2) although plaintiff contends that requiring a claimant to further show that his employment placed him at a greater risk for contracting the condition would abrogate occupational disease claims, this issue is better addressed by the legislature; and (3) no evidence was presented by either doctor presenting testimony to the Commission that plaintiff's employment placed him at a greater risk for contracting degenerative arthritis.

Appeal by plaintiff from opinion and award entered 5 October 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 December 2006.

*Law Offices of George W. Lennon, by George W. Lennon, for plaintiff appellant.*

*Lewis & Roberts, PLLC, by Scott J. Lasso and Paul C. McCoy, for defendant appellees.*

**THOMAS v. McLAURIN PARKING CO.**

[181 N.C. App. 545 (2007)]

McCULLOUGH, Judge.

Charlie Thomas ("plaintiff") appeals from an opinion and award entered by the North Carolina Industrial Commission ("the Commission") denying plaintiff's claims for worker's compensation benefits based on the finding and conclusion that plaintiff failed to establish an occupational disease claim where he failed to show that his employment placed him at a greater risk for contracting or developing his debilitating condition.

Plaintiff filed a notice of accident as required under the Worker's Compensation Act stating that he was injured or contracted an occupational disease, namely inflammation of the left hip and leg, on 7 April 2000 due to the conditions of his employment. The claim for compensation was denied by the employer and subsequently set for hearing by a Deputy Commissioner. Deputy Commissioner, Phillip A. Baddour, III, denied plaintiff's claims and plaintiff appealed such decision to the Commission. Plaintiff further motioned the Commission for leave to redepose Dr. Cook and submit additional evidence on appeal.

The relevant facts found by the Commission are as follows: Plaintiff was employed by McLaurin Parking Company ("defendant") starting in July 1999 and was assigned to work a controlled access parking gate at Wake Medical Center. Plaintiff worked from a gatehouse which was located approximately 10 to 15 feet from the gate requiring plaintiff to leave the gatehouse in order to check persons in and out of the parking lot. Plaintiff was provided with a small metal stool to sit on while inside the booth.

After beginning work with defendant, plaintiff began to experience pain in his left hip area which he attributed to sitting on the hard metal stool. Due to the pain, plaintiff did not return to work after 7 April 2000. Plaintiff was diagnosed with degenerative arthritis of the left hip by Dr. Frederick Benedict, an orthopaedic surgeon.

The Commission further found that "plaintiff was more likely at an increased risk of developing an aggravation of his arthritic condition than members of the general public" and that plaintiff's job conditions were "not an activity to which the general public was equally exposed"; but that there was no evidence that "plaintiff's job placed him at an increased risk of contracting or developing degenerative arthritis of the left hip than the general public not so employed."

The Commission concluded that plaintiff failed to establish an occupational disease where he had not shown that his employment exposed him to a greater risk of contracting the disease of degenerative arthritis than the general public not so employed. Plaintiff appeals.

[1] Plaintiff first contends on appeal that the Commission erred in failing to rule on plaintiff's motion for leave to submit additional evidence. We disagree.

Plaintiff correctly notes that the Commission is required to decide all matters in controversy between the parties. *Vieregge v. N.C. State University*, 105 N.C. App. 633, 638, 414 S.E.2d 771, 774 (1992).

The Commission noted in its opinion and award that "[t]he appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives." While this ruling by the Commission is not as explicit as desired, it appears that an implicit ruling has been made on the motions brought forward on appeal to the Commission, and therefore it is unnecessary to remand the case to the Commission for further rulings. This assignment of error is overruled.

[2] Next, plaintiff contends that the Commission erred where the findings of fact are not supported by competent evidence and are incomplete. We disagree.

Plaintiff contends that the Commission erred in making findings of fact 7, 8 and 9 where they are not supported by the evidence. The standard of review for an opinion and award of the North Carolina Industrial Commission is "(1) whether any competent evidence in the record supports the Commission's findings of fact, and (2) whether such findings of fact support the Commission's conclusions of law." *Creel v. Town of Dover*, 126 N.C. App. 547, 552, 486 S.E.2d 478, 480 (1997). "The Commission's findings of fact are conclusive on appeal if supported by competent evidence, notwithstanding evidence that might support a contrary finding." *Hobbs v. Clean Control Corp.*, 154 N.C. App. 433, 435, 571 S.E.2d 860, 862 (2002). In determining the facts of a particular case, "[t]he Commission is the sole judge of the credibility of the witnesses and the weight accorded to their testimony." *Effingham v. Kroger Co.*, 149 N.C. App. 105, 109-10, 561 S.E.2d 287, 291 (2002).

Findings of fact 7, 8 and 9 are as follows:

7. At his deposition, Dr. Benedict stated that there were not many treatment options he could offer plaintiff. Dr. Benedict felt plaintiff's pain was not severe enough to perform cortisone injections or surgery. Dr. Benedict doubted that the type of design of stool on which plaintiff sat was a substantial contributing factor in the aggravation or acceleration of plaintiff's symptoms. Dr. Benedict stated, "just sitting in a normal chair getting up a hundred times a day probably was as much a factor as anything." Dr. Benedict's opinion was that plaintiff was more likely at an increased risk of developing an aggravation of his arthritic condition than members of the general public. He also stated that getting up and down a couple hundred times per day was not an activity to which the general public was equally exposed. Additionally, Dr. Cook testified that plaintiff was at an increased risk of injury to his left hip because of his pre-existing arthritis in that hip, but he did not testify that plaintiff was at an increased risk of injury to his left hip because of his employment.

8. Based upon the competent medical evidence of record, plaintiff's degenerative arthritis of the left hip pre[-]existed his job with defendant-employer. This pre-existing condition was aggravated by plaintiff's job duties, which required repetitive sitting and walking. However, plaintiff did not present evidence that his arthritis was characteristic of or peculiar to his employment.

9. While the medical evidence shows that plaintiff's job placed him at an increased risk of aggravating his pre-existing arthritis, neither Dr. Cook nor Dr. Benedict offered an opinion that plaintiff's job placed him at an increased risk of contracting or developing degenerative arthritis of the left hip than the general public not so employed.

Plaintiff attempts to assert on appeal that the Commission was unfamiliar with the testimony of Dr. Cook and Dr. Benedict as reflected in the aforementioned findings of fact. However, there is no merit to this contention. Plaintiff specifically points to testimony by the doctors attributing the aggravation of the plaintiff's pre-existing arthritis to his job duties as evidence that the Commission erred in finding that plaintiff's injury was not caused by his employment. However, plaintiff confuses the distinction made by the Commission between the evidence regarding the employment causing the aggravation of the arthritis and the employment causing the arthritic condition.

THOMAS v. McLAURIN PARKING CO.

[181 N.C. App. 545 (2007)]

Neither doctor testified that plaintiff's employment caused his arthritis nor that his employment placed him at a greater risk for contracting arthritis. Therefore, the Commission's findings were sufficiently supported by competent evidence as to be affirmed on appeal.

[3] Plaintiff further argues that the Commission erred in failing to make additional findings as to causation and failing to make findings as to each element of an occupational disease claim.

However, "[t]he Commission is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead, the Commission must find those facts which are necessary to support its conclusions of law." *London v. Snak Time Catering, Inc.*, 136 N.C. App. 473, 476, 525 S.E.2d 203, 205 (2000) (citations omitted). In addition, the Commission is not required to make findings of fact as to each element of an occupational disease claim upon denial. "The denial of compensation may be predicated upon the failure of the claimant to prove any one of the elements of compensability." *Hansel v. Sherman Textiles*, 304 N.C. 44, 54, 283 S.E.2d 101, 107 (1981). Therefore, this assignment of error is overruled.

[4] Finally, plaintiff contends that the Commission erred in applying the standards set forth in *Futrell v. Resinall Corp.*, 151 N.C. App. 456, 566 S.E.2d 181 (2002), *aff'd*, 357 N.C. 158, 579 S.E.2d 269 (2003), ultimately concluding that plaintiff failed to prove his occupational disease claim. We disagree.

The North Carolina Supreme Court set forth in a *per curiam* opinion adopting the standards set forth in the majority opinion of the Court of Appeals in *Futrell* and again recently enumerated the standard for occupational disease claims in *Chambers v. Transit Mgmt.*, 360 N.C. 609, —— S.E.2d —— (2006) predicated upon a theory of aggravation.

A plaintiff seeking compensation for an occupational disease claim must establish that his disease or condition meets the following three criteria: (1) the condition is "characteristic of persons engaged in the particular trade or occupation in which the claimant is engaged;" (2) the condition is "not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation;" and (3) there is " 'a causal connection between the disease and the [claimant's] employment.' " *Rutledge v. Tultex Corp.*, 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983) (citations

omitted). Our Courts have " 'consistently defined the third element of the *Rutledge* test as being met where the [plaintiff] can establish that the employment caused him to contract the disease, *or* where he can establish that it significantly contributed to or aggravated the disease.' " *Chambers*, 360 N.C. at 613, —— S.E.2d at ——.

Previous cases from this Court have held that evidence of the aggravation of a pre-existing idiopathic condition caused by a claimant's employment is sufficient to establish a causal connection for an occupational disease claim. *Ruffin v. Compass Grp. USA*, 150 N.C. App. 480, 484-86, 563 S.E.2d 633, 636-38 (2002). However, the Supreme Court in *Chambers* noted: establishing that one's employment aggravated the disease only satisfies the evidentiary burden on the issue of causation. The employee must " 'nevertheless satisfy the remaining two prongs of the *Rutledge* test by establishing that the employment placed him at a greater risk for contracting the condition than the general public.' " *Chambers*, 360 N.C. at 613, —— S.E.2d at ——. It therefore follows that when a claimant asserts an occupational disease claim predicating causation upon the issue of aggravation, the claimant must further show that his employment placed him at a greater risk for **contracting** the condition. *Chambers*, 360 N.C. at 613, —— S.E.2d at ——; *Rutledge*, 151 N.C. App. at 459-61, 566 S.E.2d at 183-84.

Plaintiff states that the application of this standard is inconsistent with previous case law articulated by this Court and the North Carolina Supreme Court. Plaintiff asserts that to require a claimant to further prove that one's employment placed him at a greater risk for not only aggravating a pre-existing condition but also contracting a pre-existing condition would all but abrogate occupational disease claims asseverated on the premise of aggravation. However, this argument is one that is beyond the scope of this Court. We are bound to follow the precedent set by our Supreme Court and this action is better addressed in the legislature of our state.

No evidence was presented by either doctor presenting testimony to the Commission that plaintiff's employment placed him at a greater risk for contracting degenerative arthritis. In fact, Dr. Cook testified that anyone, not only those who work in plaintiff's trade or occupation, could have the potential to contract and could have osteoarthritis of the hip. Therefore, this assignment of error is overruled.

Accordingly, the opinion and award of the Commission is affirmed.

Affirmed.

Chief Judge MARTIN and Judge ELMORE concur.