BILLIE RUTH SMITH, EMPLOYEE, PLAINTIFF v. CHAMPION INTERNATIONAL, EMPLOYER, SELF-INSURED/(SEDWICK JAMES OF THE CAROLINAS, SERVICING AGENT,) DEFENDANTS

No. COA98-1226

(Filed 6 July 1999)

### Workers' Compensation— disability—aggravation of pre-existing back injury

The Industrial Commission did not err by awarding plaintiff disability benefits for aggravation of a pre-existing back injury. While there may have been conflicting evidence, it was for the Commission to weigh the credibility of the witnesses and decide the issues.

Appeal by defendants from opinion and award of the North Carolina Industrial Commission filed 5 November 1997. Heard in the Court of Appeals 9 June 1999.

*The Jernigan Law Firm, by N. Victor Farah and Leonard T. Jernigan, for plaintiff-appellee.*

*Robinson & Lawing, L.L.P., by Jolinda J. Steinbacher, for defendant-appellants.*

HUNTER, Judge.

This workers' compensation case arises from proceedings before the Industrial Commission where plaintiff alleged she exacerbated her pre-existing back condition in an accident occurring on 18 October 1994 while disassembling metal scaffolding at the Champion paper manufacturing facility in Canton, North Carolina. At the

hearing, plaintiff's evidence tended to show that Smith ("plaintiff"), 49-years-old at the time of the alleged incident, first experienced pain immediately after handing a piece of scaffolding down to her co-worker. The pain increased throughout the day, and by the following day, plaintiff was unable to complete her job responsibilities. She reported to the clinic and saw Mr. Stegall, a physician's assistant. Mr. Stegall diagnosed an acute exacerbation of her pre-existing back problems and, along with Albert J. Osbahr III, M.D., the company physician, recommended lighter duty assignments. Plaintiff was assigned lighter responsibilities and performed them until 7 November 1994. Plaintiff was scheduled to start a new position but was prevented from doing so by a supervisor and Dr. Osbahr.

Before and after this incident, plaintiff was treated by a chiropractor and several other physicians at the Champion physical therapy/fitness program but therapy was discontinued when the pain steadily increased. On 19 June 1995, Richard E. Weiss, M.D., a neurosurgeon, performed a L4-5 laminotomy and medial facetectomy which significantly reduced her left hip and leg pain. Her back pain continued and Dr. Weiss performed a L4-5 posterior lateral fusion on 17 October 1995. Dr. Weiss opined that plaintiff was totally disabled.

Defendants' evidence indicated that plaintiff had a long-standing history of back problems which would eventually require surgery. Plaintiff freely admits her pre-existing back condition.

Plaintiff filed a workers' compensation claim with her employer which was denied. The deputy commissioner issued an opinion awarding plaintiff benefits and defendants appealed. The Full Commission affirmed the award and adopted the opinion of the deputy commissioner. Defendants appeal to this Court.

Defendants' primary argument is that the Full Commission erred in concluding that plaintiff's back condition was causally related to a minor alleged work accident and not to a severe, debilitating pre-existing back condition. We disagree.

N.C. Gen. Stat. § 97-86 provides that "[t]he award of the Industrial Commission . . ., as provided in G.S. 97-85, shall be conclusive and binding as to all questions of fact . . . ." N.C. Gen. Stat. § 97-86 (Supp. 1998). "The findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence, even though

there be evidence that would support findings to the contrary." *Jones v. Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965) (per curiam). *See also Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998), *reh'g denied*, 350 N.C. 108, —— S.E.2d —— (1999). "Thus, on appeal, this Court 'does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (*quoting Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).

Here, the Full Commission's findings of fact included:

20. On October 18, 1994 plaintiff sustained a specific traumatic incident of the work assigned which arose out of and in the course of her employment with defendant and which resulted in injury to her pre-existing spondylolisthesis and spinal stenosis and which further, when considered in conjunction with her age, education, and work experience, rendered her unable to earn any wages in any employment beginning November 7, 1994 and which ultimately resulted in the surgeries performed in June 1995 and October 1995. Although the causes of plaintiff's wage earning incapacity and the surgeries performed are multi-factorial, the specific traumatic incident which she experienced on October 18, 1994 significantly exacerbated her pre-existing lumbar spondylolisthesis and spinal stenosis and was thereby a significant causal factor of her wage earning incapacity and her surgeries. She has not reached the end of the healing period and is unable to engage in prolonged standing, prolonged sitting, frequent bending at the waist or heavy lifting.

Clearly, aggravation of a pre-existing condition which results in loss of wage earning capacity is compensable under the workers' compensation laws in our state. "The work-related injury need not be the sole cause of the problems to render an injury compensable. If the work-related accident contributed in some reasonable degree to plaintiff's disability, she is entitled to compensation." *Hoyle v. Carolina Associated Mills*, 122 N.C. App. 462, 465-66, 470 S.E.2d 357, 359 (1996) (citation omitted) (quotation omitted).

While there may have been conflicting evidence as to the degree of plaintiff's impairment, it was for the Commission to weigh the credibility of the witnesses and to decide the issues. Based on the

recent holding in *Adams*, we conclude there was competent evidence in the record to support the Commission's findings of fact and conclusions of law.

The opinion and award of the Full Commission is affirmed.

Judges JOHN and TIMMONS-GOODSON concur.