JAMES THOMAS GOFORTH v. K-MART CORPORATION

No. COA03-1475

(Filed 21 December 2004)

## 1. Workers' Compensation— accident—aggravation of pre-existing back condition—specific traumatic incident

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff's back condition was causally related to the May 2000 work accident and not to a preexisting back condition, because: (1) aggravation of a preexisting condition which results in loss of wage earning capacity is compensable; (2) the work-related injury need not be the sole cause of the problems to render an injury compensable; and (3) although plaintiff had a preexisting back condition due to prior injuries and surgeries, there was evidence showing that he experienced a specific traumatic incident when he attempted to load a bag of peat moss into a customer's car in early May 2000.

## 2. Workers' Compensation— disability—permanent and total

The Industrial Commission did not err in a workers' compensation case by finding that plaintiff was permanently and totally disabled as a result of the May 2000 injury, because: (1) a doctor testified that he wrote a letter verifying that plaintiff should be considered disabled from working as of 24 August 2000 even though there was no updated report at the time of the hearing since plaintiff was no longer his patient; (2) at the time of the hearing, plaintiff continued to wear a leg brace; and (3) there was evidence of plaintiff's lack of prior work experience and limited education.

## 3. Workers' Compensation— attorney fees—abuse of discretion standard

The Industrial Commission did not abuse its discretion by awarding attorney fees to plaintiff under N.C.G.S. § 97-88.1, because: (1) neither the facts nor North Carolina law supported defendant's causation contention that plaintiff's preexisting back condition caused the injury; and (2) while defendant claimed that plaintiff lacked credibility, the Commission reviews the credibility of witnesses.

### 4. Appeal and Error— preservation of issues—failure to present assignment of error

Although defendant contends that plaintiff's injury in a workers' compensation case did not impair his wage earning capacity, defendant failed to properly present this argument in an assignment of error as required by N.C. R. App. P. 10(a).

Appeal by Defendant from Opinion and Award entered 16 June 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 13 September 2004.

*Lyndon R. Helton and Scudder & Hedrick, by Samuel A. Scudder, for plaintiff-appellee.*

*Gene Thomas Leicht, for defendant-appellant.*

WYNN, Judge.

James Thomas Goforth, working in the garden department of K-Mart since April 2000, brought this worker's compensation claim alleging that he injured his back in early May 2000 when he attempted to load two bags of peat moss into a customer's car. Initially, a deputy commissioner denied benefits to Goforth for his work-related back injury claim. But following his successful appeal to the full Commission awarding him total disability from 27 August 2000 continuing until further order of the Commission, K-Mart appealed to this Court. After careful review, we affirm.

---

The standard of review for this Court in reviewing an appeal from the Commission is limited to determining "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Our review " 'goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (citation omitted). The Commission's findings of fact "are conclusive on appeal when supported by competent evidence," even if there is evidence to support a contrary finding, *Morrison v. Burlington Indus.*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981), and may be set aside on appeal only "when there is a complete lack of competent evidence to support them[.]" *Young v. Hickory Bus. Furniture*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000). Further, all evidence must be taken in the light

most favorable to the plaintiff, and the plaintiff "is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Deese*, 352 N.C. at 115, 530 S.E.2d at 553.

In this appeal, K-Mart assigns error to the following paragraphs in the Opinion and Award:

Findings of Fact

\*\*\*

13. His back injury, which occurred at a judicially cognizable period of time, was a compensable specific traumatic incident of the work assigned.

\*\*\*

16. The uncontroverted medical evidence in this case establishes that plaintiff is permanently and totally disabled as a result of the injury he suffered working at K-Mart in early May 2000.

17. Defendant's contention and supporting evidence that plaintiff was not credible because his Form 18 stated that the injury occurred "approx. May 10, 2000," and defendant's records showed that plaintiff did not work on May 10, 2000, is without merit.

18. Defendant's contention and supporting evidence that plaintiff's back condition following the peat moss bag incident of early May 2000 was a natural progression of an earlier workers' compensation injury is also without merit.

19. Defendant has defended this matter without reasonable cause. At the conclusion of the hearing of this claim before the Deputy Commissioner, plaintiff's counsel of record gave notice that sanctions would be requested. Nevertheless, defendant proceeded to further delay the administration of justice in this claim by forcing the deposition of Dr. Chewning not once, but twice. The gravamen of defendant's position was that because Mr. Goforth had a history of multiple back surgeries, he was negligent in taking work in K-Mart's garden department. What the record discloses is that while Mr. Goforth had eight cervical and lumbar spinal surgeries prior to the injury of May 10, 2000, his last surgery had been over two years prior to the date of injury. He had not undergone a lumbar surgery since 1991. Further, the record establishes that Dr. Chewning had advised Mr. Goforth

GOFORTH v. K-MART CORP.

[167 N.C. App. 618 (2004)]

that he could attempt a return to work. In an attempt to remove himself from the rolls of Social Security disability, Mr. Goforth came to work for K-Mart. Never did he fail to disclose his medical history. Mr. Goforth's efforts should be applauded, not derided.

\*\*\*

Conclusions of Law

1. Sometime around May 10, 2000, plaintiff sustained a compensable injury to his back arising out of and in the course and scope of his employment with defendant-employer by way of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).

2. As a result of plaintiff's compensable injury, plaintiff is entitled to receive ongoing weekly benefits from August 27, 2000, at the compensation rate of $226.67 per week and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.

3. Plaintiff is entitled to have defendant provide all medical treatment arising out of plaintiff's compensable injury to the extent it tends to affect a cure, give relief or lessen plaintiff's period of disability. This will include all care directed by Dr. Samuel J. Chewning. N.C. Gen. Stat. § 97-25. .

4. Defendant has defended this claim without a good faith basis for doing so. This defense constitutes unreasonable defense of this claim and defendant shall pay plaintiff's attorney's fees, which shall be taxed as costs. N.C. Gen. Stat. § 97-88.1.

[1] Defendant argues that the Commission erred in concluding that Goforth's back condition was causally related to the May 2000 work accident and not to the preexisting back condition. To support the contention that the May 2000 injury was a direct and natural result of Goforth's original injury, Defendant cites *Heatherly v. Montgomery Components, Inc.*, 71 N.C. App. 377, 381, 323 S.E.2d 29, 31 (1984) (refracture of a bone in the same place as an earlier compensable fracture was the direct and natural result of the original injury).

But in the more recent case of *Ruffin v. Compass Group USA*, 150 N.C. App. 480, 481, 563 S.E.2d 633, 635 (2002), the plaintiff injured her back when she pulled a forty-pound box from a truck. *Id.* A MRI revealed that the plaintiff had preexisting problems including "an unusual curvature of the spine and disc herniations." *Id.* at 482, 563

S.E.2d at 635. The plaintiff's medical provider concluded that the injury aggravated the preexisting condition. *Id.* This Court, in *Ruffin*, held that aggravation of a preexisting condition which results in loss of wage earning capacity is compensable. *Id.* at 484, 563 S.E.2d at 637. *See also Smith v. Champion Int'l.*, 134 N.C. App. 180, 182, 517 S.E.2d 164, 166 (1999) (plaintiff had compensable injury when work related specific traumatic incident aggravated severe preexisting back problems).

Moreover, the "work-related injury need not be the sole cause of the problems to render an injury compensable." *Hoyle v. Carolina Associated Mills*, 122 N.C. App. 462, 465, 470 S.E.2d 357, 359 (1996). "If the work-related accident 'contributed in some reasonable degree' to plaintiff's disability, she is entitled to compensation." *Id.* at 466, 470 S.E.2d at 359 (citing *Kendrick v. City of Greensboro*, 80 N.C. App. 183, 187, 341 S.E.2d 122, 124, *disc. review denied*, 317 N.C. 335, 346 S.E.2d 500 (1986)).

> When a pre-existing, *nondisabling, non-job-related* condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment or by an occupational disease so that disability results, then the employer must compensate the employee for the entire resulting disability even though it would not have disabled a normal person to that extent.

*Morrison*, 304 N.C. at 18, 282 S.E.2d at 470 (emphasis original).

Here, the record shows that Goforth had a preexisting back condition due to prior injuries and surgeries. But there is evidence showing that Goforth experienced a specific traumatic incident when he attempted to load a bag of peat moss into a customer's car in early May 2000.

Under the specific traumatic incident provision of section 97-2(6) of the North Carolina General Statutes, a plaintiff must prove an injury at a judicially cognizable point in time. N.C. Gen. Stat. § 97-2(6) (2003). The term "judicially cognizable" requires " 'a showing by plaintiff which enables the Industrial Commission to determine when, within a reasonable period, the specific injury occurred.' " *Ruffin*, 150 N.C. App. at 484, 563 S.E.2d at 636 (citation omitted). In this case, there was evidence showing that the peat moss incident occurred in early May 2000, which was a judicially cognizable period of time. Goforth's testimony and Dr. Chewning's deposition supported this time period. While a person with no preexisting back problems might

not have sustained Goforth's level of injury, the evidence supports the Commission's determination that the aggravation of his preexisting condition by the May 2000 specific traumatic incident is a compensable injury.

**[2]** K-Mart next argues that the Commission erred in finding Goforth permanently and totally disabled as a result of the May 2000 injury. We disagree.

The Commission found in Finding of Fact 16 that,

> The uncontroverted medical evidence in this case establishes that plaintiff is permanently and totally disabled as a result of the injury he suffered working at K-Mart in early May 2000.

Dr. Chewning testified that he wrote a letter verifying that Goforth should be considered disabled from working as of 24 August 2000. At the time of the hearing, Dr. Chewning could not give an updated report because Goforth was no longer his patient. But at the time of the hearing, Goforth continued to wear a leg brace. Also, there was evidence of Goforth's lack of prior work experience and limited education.

> If preexisting conditions such as the employee's age, education and work experience are such that an injury causes the employee a greater degree of incapacity for work than the same injury would cause some other person, the employee must be compensated for the actual incapacity he or she suffers, and not for the degree of disability which would be suffered by someone younger or who possesses superior education or work experience.

*Peoples v. Cone Mills Corp.*, 316 N.C. 426, 441, 342 S.E.2d 798, 808 (1986). We hold that there is competent evidence supporting the Commission's finding of fact of permanent and total disability. *Morrison*, 304 N.C. at 6, 282 S.E.2d at 463.

**[3]** Defendant further contends the Commission abused its discretion in awarding attorney fees to Goforth under section 97-88.1 of the North Carolina General Statutes. N.C. Gen. Stat. § 97-88.1 (2003). We disagree.

"The decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award will not be disturbed absent an abuse of discretion." *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 54-55,

GOFORTH v. K-MART CORP.

[167 N.C. App. 618 (2004)]

464 S.E.2d 481, 486 (1995). An abuse of discretion results only where a decision is " 'manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision.' " *Long v. Harris*, 137 N.C. App. 461, 465, 528 S.E.2d 633, 636 (2000) (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)). This requirement ensures that defendants do not bring hearings out of stubborn, unfounded litigiousness. *Troutman*, 121 N.C. App. at 51, 464 S.E.2d at 484. Attorney fees can be awarded, "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable [attorney] fees . . . upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1.

Here, K-Mart argued that Goforth's preexisting back condition caused the injury, and Goforth lacked credibility. But as we pointed our earlier, neither the facts nor North Carolina law support K-Mart's causation contention. Moreover, while K-Mart's claim that Goforth lacked credibility might have some merit[1], this Court does not review the credibility of witnesses, that is the role of the Commission. *Adams*, 349 N.C. at 680, 509 S.E.2d at 413. Therefore, we find no abuse of discretion by the Commission.

[4] K-Mart also argues that Goforth's injury did not impair his wage earning capacity; however, K-Mart did not properly present this in an assignment of error. This Court's review on appeal is limited to issues presented by assignment of error. N.C. R. App. P. 10(a).

Affirmed.

Chief Judge MARTIN and Judge McGEE concur.

---

1. In the Opinion and Award by the Deputy Commissioner, a finding of fact was made that Goforth had a long history of substance abuse of prescription pain killers. However, the Commission declined to adopt this finding of fact. Also, Goforth did not file a worker's compensation claim until eight months after the injury.