**BRADLEY v. MISSION ST. JOSEPH'S HEALTH SYS.**

[180 N.C. App. 592 (2006)]

DONNA B. BRADLEY, Employee, Plaintiff/Appellant v. MISSION ST. JOSEPH'S HEALTH SYSTEM, Employer, and CAMBRIDGE INTEGRATED SERVICES GROUP, INC., Third Party Administrator, Defendants/Appellees

No. COA06-100

(Filed 19 December 2006)

**Workers' Compensation— denial of claim—abuse of discretion—stubborn unfounded litigiousness**

The Industrial Commission abused its discretion in a workers' compensation case by finding that the denial of plaintiff employee's claim was justified, because even though part was indeed based on reasonable grounds regarding plaintiff's October 2002 lumbar laminectomy and her February 2003 thoracic and lumbar surgery, part of defendant's defense of this claim was unreasonable and constituted stubborn unfounded litigiousness when defendant had no evidence at the time of the denial that plaintiff's injuries were anything other than work-related. Plaintiff is entitled to additional attorney fees for that portion of the time her attorney spent responding to the Forms 61 and 63, but not that spent on refuting the allegations that her later surgeries were due to her pre-existing conditions.

Appeal by plaintiff from Opinion and Award entered 4 October 2005 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 17 October 2006.

*The Law Offices of David Gantt, by David Gantt, for plaintiff-appellant.*

*Van Winkle Buck Wall Starnes & Davis, PA, by Allan R. Tarleton, for defendants-appellees.*

WYNN, Judge.

When an employer uses a Form 63 to make payments to an employee for a workers' compensation claim without prejudice to later deny that claim, the employer must show that it had reasonable grounds to support its initial uncertainty as to the claim's compensability.[1] Plaintiff Donna Bradley argues that the Industrial Commission's findings of fact were not supported by any evidence demon-

---

1. *Shah v. Howard Johnson*, 140 N.C. App. 58, 64, 535 S.E.2d 577, 581 (2000), *disc. review denied*, 353 N.C. 381, 547 S.E.2d 17 (2001).

strating that Defendant Mission St. Joseph's Health System had reasonable grounds to file a Form 63 in response to her claim for workers' compensation benefits. Because we find that, at the time the hospital filed the Form 63, Mission Health System lacked any documentation other than that supporting Ms. Bradley's claim, we conclude the hospital did not have reasonable grounds to file the Form 63. We therefore remand to the Full Commission for additional consideration of the question of attorney's fees.

At the time of the workplace incident at issue, Ms. Bradley, a registered nurse, had worked for Mission Health System for approximately ten years. On 27 January 2001, while performing her duties as a nurse in Mission Health System's emergency room, Ms. Bradley was asked to help start an IV on a patient. The patient weighed between two hundred fifty and three hundred pounds and was agitated and combative. While Ms. Bradley started his IV, he struck her at least three times about the face, neck, back, head, and shoulders, causing her to fall to the floor. Subsequently, Ms. Bradley reported the incident and her injuries to her charge/managing nurse, who completed an "Employee Occurrence Report" that day. Also, the Mission Health System Security Department filed an incident report, and a "Work Status Summary" was prepared recounting the events.

In the weeks following the incident, Ms. Bradley maintained her work schedule and did not complain to her supervisor about any lingering effects from the incident. However, because she continued to experience pain, discomfort, and incontinence, Ms. Bradley sought medical treatment from her family physician on 9 March 2001. He referred her to a neurosurgeon, who recommended thoracic surgery on 16 March 2001 and opined that Ms. Bradley's disc herniation was work-related. That same day, Ms. Bradley spoke with her immediate supervisor about the recommended surgery and the causal relationship between the work-related assault and surgery. This conversation was the first notice that Mission Health System had received that Ms. Bradley was still suffering from lingering injuries as a result of the assault approximately six weeks earlier, or that she had required medical attention.

Because Mission Health System did not have copies of Ms. Bradley's medical records and had thus not had the opportunity to review them, Ms. Bradley was initially advised to apply for Family Medical Leave Act (FMLA) benefits for her time out of work for the surgery. The workers' compensation administrator for Mission Health System further suggested that Ms. Bradley file her surgery-related

expenses with her regular health insurance provider until Mission Health System could obtain and review her medical records and make a determination regarding her workers' compensation claim.

On 28 March 2001, after undergoing the recommended surgery, Ms. Bradley provided Mission Health System with a recorded statement detailing the origin, nature, and extent of her injuries stemming from the 27 January 2001 assault. On 18 April 2001, Mission Health System filed a Form 61, denying Ms. Bradley's workers' compensation claim. However, on 7 May 2001, Mission Health System filed a Form 63 Notice to Employee of Payment of Compensation Without Prejudice to Later Deny the Claim, commencing payment of temporary total disability benefits to Ms. Bradley as of 12 April 2001, although she had been out of work since 11 March 2001. Ms. Bradley then filed a Form 18 Notice of Accident with the Industrial Commission on 17 May 2001, followed by a Form 33 Request for Hearing on 13 August 2001, due to Mission Health System's failure to provide recommended medical treatment and failure to pay Ms. Bradley for her time out of work due to injury.

During this time, Ms. Bradley remained unable to work and continued to seek medical assistance for her injuries. Despite repeated specific requests from her and her counsel, Mission Health System refused to mail her disability checks to her home, forcing her to come to the hospital to pick them up. The Industrial Commission issued an order on 29 August 2001, directing that all checks be mailed directly to Ms. Bradley's home. On 18 September 2001, Mission Health System filed a Form 33R stating that Ms. Bradley was "not presently disabled, has not returned to work, and claims for medical compensation are not related to 1/27/01 injury."

After being cleared by her doctors, Ms. Bradley returned to work part-time as an IV nurse on 19 November 2001; she was later able to work in that position on a full-time basis. Nevertheless, her pain and other symptoms continued, and she was diagnosed with advanced lumbar degenerative disk disease, narrowing of disk space, and moderate spinal stenosis—all preexisting degenerative conditions—in January 2002. She underwent additional treatment in the fall of 2002, missing work from 6 September 2002 until 23 September 2002, and has been unable to work at all from 19 October 2002 until the present.

After a two-day hearing and the subsequent submission of depositions and medical records, Deputy Commissioner Ronnie E. Rowell of the Industrial Commission issued an Opinion and Award in favor of

Ms. Bradley on 31 January 2004. The Deputy Commissioner found that Mission Health System had "earlier knowledge and notice of the January 27, 2001 assault and medical documentation of injuries and treatment," but still filed a Form 61 and Form 63. Medical records and testimony submitted to the Industrial Commission suggested that even though Ms. Bradley suffered from a number of preexisting degenerative conditions, the treatment for her cervical, lumbar, and thoracic spine problems was related to the workplace assault because the conditions were asymptomatic prior to that time. The Deputy Commissioner also found that Mission Health System's "actions have been unreasonable and . . . based upon stubborn and unfounded litigiousness" and concluded that the hospital "unreasonably denied and defended this claim."

On 4 October 2005, the Full Industrial Commission issued an Opinion and Award affirming the Deputy Commissioner's Opinion and Award, concluding that "[a]s the direct and natural result of her January 27, 2002 injury by accident, [Ms. Bradley] developed cervical, thoracic and lumbar spinal problems resulting in three surgical procedures and depression." As a result, the Full Commission ordered Mission Health System to "pay for all related medical and psychological expenses necessitated by [Ms. Bradley's] January 27, 2001 injury by accident for so long as such treatment is reasonably required to effect a cure, provide relief and/or lessen her disability." The Commission further directed that Mission Health System should pay five hundred dollars to Ms. Bradley's attorney, "for the time expended to have [Mission Health System] ordered to mail [Ms. Bradley's] checks directly to her home." Nevertheless, the Commission concluded that "there were substantial questions of law and fact in this matter and therefore [Mission Health System's] defense of the claim was based on reasonable grounds." One Commissioner dissented in part from the Opinion and Award, asserting that Mission Health System's defense of the claim was not reasonable and instead constituted "stubborn, unfounded litigiousness."

Ms. Bradley now appeals the Full Commission's denial of an award that would include attorney's fees, arguing that no evidence existed to support the findings of fact and conclusion of law that Mission Health System's defense of the claim was reasonable under North Carolina General Statutes § 97-88.1.[2]

_____

2. We note that the Deputy Commissioner's Opinion and Award ordered Mission Health System to pay "[a] reasonable attorney fee of twenty-five percent (25%) of the compensation due" to Ms. Bradley under the award, to be "assessed and paid by [Mission Health System] as part of the cost of this action," and not deducted from the

In an appeal of an Opinion and Award issued by the Full Industrial Commission, this Court is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Commission's findings of fact are "conclusive on appeal when supported by competent evidence," even if there is evidence to support a contrary finding, *Morrison v. Burlington Indus.*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981), and may be set aside on appeal only when "there is a complete lack of competent evidence to support them." *Young v. Hickory Bus. Furniture*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000). Thus, it is not the job of this Court to reweigh the evidence; rather, our "duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (internal quotations omitted), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). All evidence must be taken in the light most favorable to the plaintiff, and the plaintiff is "entitled to the benefit of every reasonable inference to be drawn from the evidence." *Deese*, 352 N.C. at 115, 530 S.E.2d at 553 (internal citation and quotations omitted).

At the time Ms. Bradley filed her claim, "[i]f the Industrial Commission . . . determine[d] that any hearing has been brought, prosecuted, or defended without reasonable ground, it [could] assess the whole cost of the proceedings including reasonable [attorney's] fees . . . upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1 (2001). *See also Goforth v. K-Mart Corp.*, 167 N.C. App. 618, 624, 605 S.E.2d 709, 713 (2004). The purpose of this threat of attorney's fees is to prevent "stubborn, unfounded litigiousness which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees." *Troutman v. White & Simpson, Inc.*, 121 N.C. App. 48, 54, 464 S.E.2d 481, 485 (1995) (internal quotation and citation omitted), *disc. review denied*, 343 N.C. 516, 472 S.E.2d 26 (1996). Additionally, "[t]he decision of whether to make such an award [of attorney's fees], and the amount of the award, is in the discretion of the Commission, and its award or

---

payments to Ms. Bradley. The Opinion and Award of the Full Commission then changed this portion of the order so that "[a]n attorney fee of 25% of the compensation awarded to [Ms. Bradley]" be paid, but deducted from the payments to Ms. Bradley and instead sent to her attorney. Neither party specifically addresses in their brief the question of attorney's fees already awarded; nor will we, as such question is appropriately decided by the Full Commission on remand.

denial of an award will not be disturbed absent an abuse of discretion." *Id.* at 54-55, 464 S.E.2d at 486. An abuse of discretion results only where a decision is "manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision." *Goforth,* 167 N.C. App. at 624, 605 S.E.2d at 713 (internal quotations and citation omitted).

Here, Ms. Bradley assigns as error[3] the Commission's finding of fact that "[t]he denial of this claim was not without justification and due cause, and the reasons for the hearing were not engendered by unfounded litigiousness," contending that there is no evidence in the record to support this finding. Because Ms. Bradley argues the finding of fact should be set aside, she further asserts that the Commission's conclusion of law that "there were substantial questions of law and fact in this matter and therefore [Mission Health System's] defense of the claim was based on reasonable grounds" should likewise be vacated.

In a previous case affirming the imposition of attorney's fees in a workers' compensation claim, this Court held that

> When an employer or insurer avails itself of the procedure set out in N.C. Gen. Stat. § 97-18(d) and utilizes Form 63 to make payments to an employee without prejudice, the employer or insurer has the burden of demonstrating that it had at that time "reasonable grounds" for its uncertainty about the compensability of the claim.

*Shah v. Howard Johnson,* 140 N.C. App. 58, 64, 535 S.E.2d 577, 581 (2000), *disc. review denied,* 353 N.C. 381, 547 S.E.2d 17 (2001). Thus, "[t]he burden was on the defendant to place in the record evidence to support its position that it acted on 'reasonable grounds.' " *Id.* If the defendant fails to offer evidence to support the reasonableness of its defense, then its use of a Form 63 is improper and warrants sanctions. *Id.* at 64-65, 535 S.E.2d at 581-82.

More recently, this Court likewise upheld the imposition of attorney's fees in a case in which the Full Commission found that the same

---

3. We note in passing that Ms. Bradley's counsel referred to the "September 25, 2001 compensable injury" in the assignments of error submitted to this Court. While the brief makes clear that the subject matter of the appeal is actually the workplace assault and injury that took place on 27 January 2001, we caution counsel to ensure the accuracy of the assignments of error in light of our Supreme Court's mandates on the importance of complying with the Rules of Appellate Procedure. *See Viar v. N.C. Dep't of Transp.,* 359 N.C. 400, 402, 610 S.E.2d 360, 361, *reh'g denied,* 359 N.C. 643, 617 S.E.2d 662 (2005).

defendant as in the instant case had shown a "pattern and practice of unreasonable defense and bad faith," including a "failure to perform a reasonable investigation of [the employee's claim]," such that the "defense of th[e] matter was based on stubborn, unfounded litigiousness." *D'Aquisto v. Mission St. Joseph's Health Sys.*, 171 N.C. App. 216, 227, 614 S.E.2d 583, 590 (2005), *rev'd per curiam in part*, 360 N.C. 567, 633 S.E.2d 89 (2006). Nevertheless, our Supreme Court reversed that part of our ruling that affirmed the imposition of attorney's fees, holding that "based upon the specific facts of this case, defendant's defense of plaintiff's claims was not without reasonable grounds." *D'Aquisto v. Mission St. Joseph's Health Sys.*, 360 N.C. 567, 633 S.E.2d 89 (2006).[4]

In *D'Aquisto*, the plaintiff was assaulted during work hours while waiting in front of the first floor main staff elevators of the defendant's hospital. 171 N.C. App. at 218, 614 S.E.2d at 585. Her assailant was a third party, not employed by the hospital, but there as a "sitter," an individual privately hired by a patient or patient's family to sit with the patient in his hospital room. *Id.* at 219, 614 S.E.2d at 585. The defendant acknowledged that the assault occurred "in the course of" the plaintiff's employment but contended that it did not "arise out of" her employment, such that her injuries would not meet the definitional requirements for compensability. *Id.* at 221-22, 614 S.E.2d at 587; *see also* N.C. Gen. Stat. § 97-2(6) (2003) (an injury is compensable only if it is the result of an accident "arising out of and in the course of the employment"). The defendant further argued that the hospital did not know what had actually happened to the plaintiff and questioned her credibility, which was the basis for its filing a Form 63 while it investigated the assault. *Id.* at 227, 614 S.E.2d at 590.

In the instant case, Ms. Bradley was likewise assaulted by a third party and suffered injuries while working for Mission Health System. The Form 61 that was initially filed on 18 April 2001 by Mission Health System stated that the denial was initially "to obtain [Ms. Bradley's] medical records including the operative report in order to determine whether her current problem was work-related" and reserving the right to raise additional defenses at a later date. Two weeks later, on 7 May 2001, Mission Health System filed a Form 63, commencing payment without prejudice. At the Commission hearing, the workers'

---

4. Given the Supreme Court's emphasis on "the specific facts of this case," we are uncertain as to the precedential value of its ruling, and specifically whether we should treat the language as holding or dicta. Nevertheless, we attempt here to follow what guidance is offered by such language.

compensation administrator for Mission Health System testified that she had received more information and medical records in those two weeks, but there remained some uncertainty as to whether Ms. Bradley's medical treatment was related to the workplace assault.

According to the record, Mission Health System explained at the Commission hearing that its initial denial and subsequent payment without prejudice of Ms. Bradley's claims stemmed from its lack of information or notice of injury between the date of the 27 January assault and learning on 16 March of the impending surgery, and from its subsequent inability to access and review Ms. Bradley's medical records in a timely fashion. Mission Health System also noted that it allowed the statutory period in which to contest the claim to pass, thereby waiving its right to do so and essentially admitting the claim. However, in its brief to this Court, Mission Health System asserts that its defense of the claim was based on reasonable grounds because "the stipulated medical records and other evidence showed that [Ms. Bradley] had progressively worsening congenital and degenerative abnormalities in her low back before and after her admittedly compensable injury of January 27, 2001." Nevertheless, the bulk of Mission Health System's argument concerns its contention that Ms. Bradley's compensation should have been limited to her thoracic injuries and should not have covered her subsequent operations in October 2002 and February 2003.

By Mission Health System's own admission, its only knowledge relating to Ms. Bradley's injuries as of the 18 April filing of the Form 61 came from the incident reports filed at the hospital and her discussions with the hospital's workers' compensation administrator. Mission Health System had additional medical records chronicling the nature of the injuries and treatment as of the 7 May filing of the Form 63, which was the reason it decided to begin payments to Ms. Bradley. At that point, however, Mission Health System had no evidence contradicting Ms. Bradley's claim, but only documentation outlining an assault that had arisen out of and in the course of Ms. Bradley's employment. Unlike the "specific facts" in *D'Aquisto*, Mission Health System did not dispute the claim on definitional or other grounds, but simply that it lacked information other than reports supporting the claim.[5]

---

5. In the future, denial or defense of a claim on these grounds will likely be considered *per se* reasonable, as our General Assembly has recently amended the statute to read, "If the employer or insurer, in good faith, is without sufficient information to

There is no evidence in the record that Mission Health System's denial of Ms. Bradley's claim was with "justification and due cause," as found by the Full Commission, as Mission Health System had no evidence at the time of the denial that her injuries were anything other than work-related. Mission Health System's filings of the Form 61 and Form 63 were thus unreasonable, as they constituted the sort of "stubborn, unfounded litigiousness which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees." *Troutman*, 121 N.C. App. at 54, 464 S.E.2d at 485. Additionally, the Commission has already awarded attorney's fees to Ms. Bradley for the time her counsel spent in having her disability checks mailed to her, rather than having to go to the hospital to pick them up.

Nevertheless, we agree with Mission Health System and the Commission that "substantial questions of law and fact" existed in this matter, insofar as Ms. Bradley's later treatments and surgeries were concerned. The stipulated medical records reference Ms. Bradley's pre-existing degenerative conditions, and Mission Health System therefore had reasonable grounds to contest the cause of her October 2002 lumbar laminectomy and her February 2003 thoracic and lumbar surgery. However, such a dispute should generally be handled through an employer's filing of a Form 24, Application to Terminate or Suspend Payment of Compensation. N.C. Gen. Stat. § 97-18.1 (2005).

Accordingly, we find that the Full Commission's finding that "[t]he denial of this claim was not without justification and due cause" should be set aside as an abuse of discretion, in light of the lack of any supporting evidence. We therefore conclude that part of Mission Health System's defense of this claim was unreasonable and constituted "stubborn, unfounded litigiousness," while part was indeed based on reasonable grounds. Ms. Bradley should be entitled to additional attorney's fees for that portion of time her attorney spent responding to the Forms 61 and 63, but not that spent on refuting the allegations that her later surgeries were due to her pre-existing conditions.

Reversed and remanded.

Judges McGEE and McCULLOUGH concur.

admit the employee's right to compensation, the employer or insurer may deny the employee's right to compensation." 2005 Technical Corrections Act, 2006 N.C. Sess. Laws 264.