***********
The Full Commission reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner George R. Hall, III, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties and their representatives. Accordingly, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and the subject matter. *Page 2 
2. On November 6, 2002, Plaintiff suffered an injury by accident to his spine arising out of and in the course of his employment with Defendant-Employer.
3. On November 6, 2002, an employment relationship existed between Plaintiff and Defendant-Employer.
4. On November 6, 2002, Sentry Insurance, a Mutual Company, was the insurance carrier at risk for payment of workers' compensation claims for Defendant-Employer's employees, including Plaintiff.
5. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
6. Plaintiff's average weekly wage is $563.19, resulting in a weekly compensation rate of $375.48. Defendants continue to pay temporary total disability benefits on a weekly basis.
 ***********
The following were marked and received into evidence at the hearing before the Deputy Commissioner:
 EXHIBITS
1. Stipulated Exhibit 1 — IC forms.
2. Stipulated Exhibit 2A — Medical records (Vol. 1).
3. Stipulated Exhibit 2B — Medical records (Vol. 2).
4. Stipulated Exhibit 3 — Prior medical records.
5. Stipulated Exhibit 4 — Vocational rehabilitation records.
6. Plaintiff's Exhibit 1 — Primerica Life Insurance Company disability document.
7. Defendants' Exhibit 1 — Plaintiff's discovery responses. *Page 3 
 ***********
Based upon the preponderance of the evidence of the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 61 years old and worked for Defendant-Employer as an assistant manager in its New Bern store. Plaintiff's job duties included opening and closing the store, preparing the employee work schedule, managing employees, unloading trucks, and stocking. 2. On November 6, 2002 while working for Defendant-Employer, Plaintiff suffered an admittedly compensable injury by accident to his spine when he fell out of the back of a truck, struck the side of the loading dock before falling to the ground and hitting his buttocks, back, and head.
3. On November 6, 2002, Plaintiff went to Eastern Carolina Internal Medicine (hereinafter "E.C.I.M.") and saw physician's assistant, Richard Brown, P.A., complaining of left lateral neck pain, left lower anterior and lateral chest wall pain, and indicating that he was starting to have stiffness. Mr. Brown noted an abrasion to the left lateral abdomen, and a minimal abrasion to the left knee. Mr. Brown prescribed medications and ordered Plaintiff out of work for three days.
4. Plaintiff reported his injury to his supervisor, Denise Thomas, on the day of the accident. As indicated on the Form 19, Plaintiff reported that his injuries were to his "body as a whole."
5. On November 20, 2002, Plaintiff filled out a handwritten accident report on a Sentry Claims Service form stating "he injured the left side of his body. Some lower back pain from jar to body." *Page 4 
6. On December 2, 2002, Plaintiff returned to E.C.I.M. and this time saw Dr. Lisa Banker for his annual physical. With regard to Plaintiff's low back, Dr. Banker made the following notes, even though the purpose of the visit was for a physical, not for treatment of Plaintiff's work-related injuries: "HISTORY OF PRESENT ILLNESS: . . . He has had a longstanding problem now with peripheral neuropathy and degenerative disk disease particularly in the neck and to some degree in the low spine, and that has kept him quite functionally impaired over the last few years. . . . To make matters worse, he had a fall off a loading ramp back in November . . . he did manage to bruise up the left side of his torso considerably. He had a very impressive contusion." "PAST MEDICAL HISTORY: . . . 4. Cervical degenerative disk disease as well as lumbar." "REVIEW OF SYSTEMS: . . . He has chronic low back pain and fairly chronic neck pain."
7. Plaintiff filed his own Form 18 listing his low back as one of his injuries. The Form 18 is undated; however, the Commission acknowledged receipt of the Form 18 by a letter dated December 11, 2002.
8. In February 2003, Plaintiff's low back pain became more painful, so he returned to E.C.I.M. on February 20, 2003, and saw Dr. David Green. Plaintiff denied "any new or different pain, just somewhat worse for the past week." Dr. Green ordered Plaintiff out of work and referred him to a neurosurgeon for his low back.
9. On March 7, 2003, Plaintiff saw neurosurgeon, Dr. Mark Held, and complained of low back pain with right greater than left radiating pain into the legs. Dr. Held reviewed MRI films, diagnosed discogenic low back pain, and recommended a physiatrist evaluation, injections, and physical therapy. Dr. Held ordered Plaintiff out of work and noted that if conservative treatment failed, Plaintiff would be a candidate for a discography. *Page 5 
10. On March 21, 2003, more than 90 days after receiving notice of Plaintiff's injury by accident, Defendants admitted Plaintiff's claim by way of the filing of a Form 63. Defendants had been put on notice of Plaintiff's claim for a low back injury on his Form 18 and made no attempt to limit Defendants' admission of compensability to exclude Plaintiff's low back injury on the Form 63.
11. On March 23, 2003, Plaintiff was seen by physiatrist, Dr. Angelo Tellis, who was then working at Coastal Physical Medicine Rehabilitation Services in New Bern. Plaintiff's primary complaint at the time was low back pain. Dr. Tellis diagnosed "bilateral sacroiliitis, greater on the right side than the left. Mechanism of injury would be his recent fall off a loading dock. He could possibly have some underlying discogenic pain as well." Dr. Tellis recommended injections.
12. Plaintiff continued to see both Dr. Tellis and Dr. Held through the rest of 2003. Plaintiff had some improvement in low back symptoms following injections, however, his low back symptoms did not resolve.
13. Beginning with a visit to Dr. Held on March 10, 2004, and then a visit with Dr. Tellis on April 21, 2004, the focus of treatment shifted to Plaintiff's neck injury.
14. Plaintiff's compensable neck injury got progressively worse over the next two years and ultimately resulted in neck surgery performed by Dr. Held on July 11, 2006, which surgery included an anterior cervical diskectomy with a fusion at C6-C7. Defendants authorized and paid for the neck surgery.
15. On August 8, 2006, less than one month after the neck surgery, Dr. Held noted that Plaintiff continued to have significant low back pain and ordered a repeat lumbar spine MRI.
16. After review of the MRI, Dr. Held ordered a discogram of Plaintiff's low back, *Page 6 
which was performed by Dr. Tellis on January 3, 2007 and showed exact concordant diskogenic low back pain at L4-5, L4-5 posterior tear and bulge, and discordant pain at L5-S1 with posterior tear noted.
17. Dr. Held recommended lumbar surgery and requested authorization from Defendants. Plaintiff, through counsel, also requested authorization for the surgery from Defendants. Defendants denied the requests for authorization of the surgery. Defendants did not seek a second opinion regarding the lumbar surgery.
18. On. July 3, 2007, Dr. Held operated on Plaintiff a second time and underwent an anterior lumbar interbody fusion of L4-5 and L5-S1.
19. Dr. Held testified at his deposition that that the November 6, 2002 injury by accident certainly exacerbated or aggravated a preexisting condition. Dr. Held further testified that within a reasonable degree of medical certainty, the accident contributed to the patient requiring surgery on July 3, 2007.
20. Dr. Held's gave his opinion after being made fully aware of the history of physical complaints made by Plaintiff from November 6, 2002 until Plaintiff was seen by Dr. Held on March 7, 2003, as well as after reviewing Plaintiff's prior medical records concerning his low back.
21. After an extensive cross-examination where Dr. Held was shown the E.C.I.M. records and the accident report again, Dr. Held explained his opinion, stating to a reasonable degree of medical certainty that by the time he saw Plaintiff in March of 2003, Plaintiff's "pain was bad, it was accelerating, it was accelerated by his injury . . . He had an annular tear and he had discogenic pain related to accelerated degenerative changes. That's my opinion."
22. Dr. Tellis also opined at his deposition that Plaintiff's back condition was *Page 7 
aggravated and exacerbated by the November 6, 2002 accident after being given the opportunity to review medical records from E.C.I.M. following the accident, the accident report, and the prior medical records.
23. Based on the preponderance of the evidence of the record and the credible medical evidence of record, including the testimony of Dr. Held and Dr. Tellis, the Full Commission finds that Plaintiff's back condition was aggravated and exacerbated by the November 6, 2002 accident.
24. Based on the preponderance of the evidence of the record and the credible medical evidence of record, including the testimony of Dr. Held, the Full Commission finds that Plaintiff's low back injury for which Dr. Held performed surgery on July 3, 2007 was a proximate result of the November 6, 2002 injury by accident.
25. Based on the preponderance of the evidence of the record and the credible medical evidence and vocational evidence of record, the Full Commission finds that the treatment provided by Drs. Held, Tellis, Farina, and Ballenger for Plaintiff's low back injury, including but not limited to, the surgery performed by Dr. Held on July 3, 2007 was reasonably necessary to effect a cure, provide relief, and lessen Plaintiff's disability.
26. Based on the preponderance of the evidence of the record and the credible medical evidence and vocational evidence of record, including the testimony of Dr. Held and Dr. Farina, the Full Commission finds that Plaintiff remains totally disabled from work as a result of his neck and back injuries as of the last visit referenced by Dr. Farina in May 2010.
 ***********
Based upon the foregoing Stipulations, and Findings of Fact, the Full Commission enters the following: *Page 8 
 CONCLUSIONS OF LAW
1. On November 6, 2002, Plaintiff suffered an injury by accident to his neck and low back arising out of and in the course of his employment with Defendant-Employer. N.C. Gen. Stat. § 97-2, Goforth v. K-Mart Corp.,167 N.C. App. 618, 605 S.E.2d 709 (2004).
2. Plaintiff's November 6, 2002 injury by accident aggravated and accelerated Plaintiff's pre-existing, non-disabling low back condition resulting in the need for treatment of Plaintiff's low back injury including, but not limited to, low back surgery on July 3, 2007. N.C. Gen. Stat. § 97-25, Goforth v. K-MartCorp., 167 N.C. App. 618, 605 S.E.2d 709 (2004).
3. Plaintiff's treatment for his compensable back injury including, but not limited to, surgery on July 3, 2007, was reasonable and necessary to effect a cure, give relief, and/or lessen Plaintiff's period of disability and was the direct and proximate result of Plaintiff's compensable back injury. N.C. Gen. Stat. § 97-25; Parsons v. The Pantry, Inc.,126 N.C. App. 540, 485 S.E.2d 867 (1997); Perez v. AmericanAirlines/AMR Corp., 174 N.C. App. 128, 620 S.E.2d 288 (2005);Adams v. Metals USA, 168 N.C. App. 469, 608 S.E.2d 357 (2005), affirmed per curiam, 360 N.C. 54, 619 S.E.2d 495 (2005).
4. Plaintiff remains totally disabled as a result of his compensable neck and/or back injuries and is entitled to have Defendants pay him ongoing temporary total disability benefits. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall continue to pay total disability compensation to Plaintiff at the *Page 9 
rate of $375.48 per week until further Order of the Commission, subject to an attorney's fee set out below.
2. Defendants shall pay all medical expenses incurred by Plaintiff as a result of his compensable injury by accident for reasonably necessary medical treatment when bills for same have been submitted to Defendants and approved pursuant to the procedures established by the Commission. This includes, but is not limited to, the discography performed on January 3, 2007, the back surgery performed on July 3, 2007, all other low back treatment provided by Drs. Tellis, Held, Farina, and Ballenger.
3. An attorney's fee of 25% of the benefits awarded in paragraph 1 is hereby approved for Plaintiff's counsel. Beginning with the next compensation check due after the date of this Opinion and Award, Defendants shall pay every fourth compensation check directly to Plaintiff's counsel.
4. Defendants shall pay the costs.
This the ___ day of July 2011.
 S/____________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
S/__________________ DANNY LEE McDONALD COMMISSIONER
S/_______________ STACI T. MEYER COMMISSIONER *Page 1